COCHRAN v. CHILDS.

(Circuit Court of Appeals, Seventh Circuit.   October 26, 1901.)

No. 790.

1. APPEAL—REVERSAL—WANT OF JURISDICTIONAL AVERMENTS IN BILL.
     On an appeal from a decree of the circuit court sustaining a demurrer to the bill and dismissing the suit on the merits, where the bill contains no averment of the amount or value in controversy, essential to give a federal court jurisdiction, the decree will be reversed, with directions to enter a dismissal for want of jurisdiction and without prejudice.

2. SAME—COSTS.
     Where a bill filed in a circuit court of the United States contains no averment of the amount or value in controversy, the costs of an appeal taken by complainant will be taxed to him, and a dismissal for want of

111 F.—28

jurisdiction will be directed, without leave to amend, although no objection to jurisdiction was made by the defendant below.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

Lloyd C. Whitman, for appellant.
Charles Hudson, for appellee.

Before JENKINS and GROSSCUP, Circuit Judges, and BUNN, District Judge.

PER CURIAM. This bill is filed by the appellant (complainant below) for an accounting under an alleged agreement between him and Benajah Williams, deceased, for the prosecution of the business of manufacturing and selling wrappers under patents of the United States issued to Benajah Williams; one dated April 23, 1895, and numbered 537,870, and the other dated April 14, 1896, and numbered 558,244. It is charged that the patents covered inventions of the complainant, and, without his knowledge or consent, the patents were procured by Benajah Williams to be issued to himself; but the bill seems to seek no relief upon that ground. The defendant below (appellee here) demurred to the bill upon the grounds: First, that the cestuis que trustent are necessary parties; second, that the complainant has an adequate remedy at law; third, that the terms of the agreement are insufficiently stated; fourth, that the bill is without equity. The court below sustained the demurrer, and decreed that the bill be dismissed for want of jurisdiction.

The bill is wholly lacking in averment of the amount in controversy. It charges that a large amount of goods were manufactured and sold under the alleged agreement, but fails to state the amount in controversy, or that it exceeds the sum of $2,000, the amount necessary to confer upon the court below jurisdiction of the subject-matter. It has been so long and so often ruled that without such averment a federal tribunal is without jurisdiction, and that such court, whenever such lack of averment appears, should at any stage of the case and sua sponte dismiss the cause for want of jurisdiction, that it is passing strange that at this late day we should be confronted with pleadings devoid of proper jurisdictional averment. The court below was, because of such lack of averment, without jurisdiction to entertain the bill. The demurrer, however, did not present the question, but objected, inter alia, that an adequate remedy at law was declared. The court below in terms sustained the demurrer, and decreed that the bill be dismissed for want of jurisdiction. We think it manifest that the "want of jurisdiction" stated in the decree means that the bill exhibited no facts to bring the cause within the realm of equitable jurisdiction because an adequate remedy at law existed, and that the decree did not proceed upon the ground that the court was without jurisdiction because of the failure to declare the amount in controversy. It had reference to that equitable jurisdiction which is sometimes confounded with the jurisdiction of the court; so that it may be fairly stated that the bill was dismissed upon its merits. Under such circumstances, and with-

in the authority of Plant Investment Co. v. Jacksonville, T. & K. W. Ry. Co., 152 U. S. 71, 77, 14 Sup. Ct. 483, 38 L. Ed. 358, it is proper to reverse the decree sustaining the demurrer and dismissing the bill, and to remand the cause, with direction to dismiss the bill for want of jurisdiction, and without prejudice.

It is urged that we should not impose the cost of the appeal upon the appellant, as was done in the case cited, and that we should permit an amendment of the bill in the court below to declare the jurisdictional amount; and this upon the ground that neither party, in the court below or here, has suggested the question of jurisdiction stated. We are not so disposed. It would seem to be proper, after a century of decision, that the court should not be vexed with the question of jurisdiction arising from failure to state the amount in controversy. By directing the dismissal of the bill without prejudice, no right of the complainant is concluded. With that, we think, he should be satisfied, for it is he whose oversight has occasioned the unnecessary trouble and expense, and he should foot the bill.

The decree is reversed at the cost of the appellant, and the cause is remanded, with a direction to the court below to dismiss the bill for want of jurisdiction, and without prejudice.