(99 App. Div. 28)

### ARMSTRONG v. LOVELAND et al.

(Supreme Court, Appellate Division, Third Department.   November 16, 1904.)

1. MORTGAGES—FORECLOSURE—PLEADING—REPLY—DEMURRER.

In foreclosure by a mortgagee in possession the answer set up the value of the use and occupation as a counterclaim, whereupon plaintiff filed a reply alleging payment of taxes and the erection of improvements, etc., of greater value than the use of the premises, and defendant demurred, reciting that as to the taxes mentioned in the reply "the defendants do not demur." *Held* that, since such demurrer was not one authorized by Code Civ. Proc. § 493, it raised no issue of law, and hence the filing thereof did not prevent the placing of the case on the calendar for trial.

2. SAME—ISSUES OF FACT—PLACE OF TRIAL.

Code Civ. Proc. § 238, declares that the place appointed for the holding of special terms at which issues of fact are triable must be that designated by the statute for the holding of the county court. Section 239 declares that a case on the calendar of a special term may, by consent, be adjourned to the chambers of any justice of the court residing

within the judicial district, by an entry in the minutes; and section 37 declares that the parties to an action pending in a court of record may stipulate that it shall be tried elsewhere than at the courthouse, etc. *Held*, that without such a stipulation the court, in the absence of defendant, had no authority to try an action for foreclosure regularly on the calendar for trial at the county seat of W. county at an adjourned term of court held in a village in such county, where no justice of the Supreme Court resided or had chambers.

**3. SAME—STIPULATIONS.**

An oral consent in open court held at the courthouse, where a cause was regularly on the calendar for trial, that the hearing might be had at another place in the county, where no justice of the Supreme Court resided or had his chambers, did not constitute a compliance with Code Civ. Proc. § 37, authorizing the parties to stipulate in writing, filed with the clerk, that the case should be tried elsewhere than at the courthouse.

**4. SAME—JURISDICTIONAL DEFECTS—OBJECTION AT TRIAL.**

Where an action to foreclose was tried at a place in the county where the court had no jurisdiction to hear or determine the same, the defect was jurisdictional, and was not waived by a failure to raise the same in the trial court.

Appeal from Special Term, Warren County.

Action by Seymour C. Armstrong against Mary A. Loveland and another, impleaded with others. From an order denying a motion to vacate a judgment in favor of plaintiff, defendants appeal. Reversed.

The action is brought for the foreclosure of a mortgage. The defendants are the widow and son of the mortgagor, who died intestate. Notice of no personal claim was served with the summons. The answer is to the effect that on or about May 1, 1898, the plaintiff, as mortgagee, took possession of the premises, and has since retained possession and enjoyed the use and profits thereof. The answer sets up the value of this use and occupation as a counterclaim, and was served by mail on September 25, 1903. A reply was served by plaintiff, in which the plaintiff seeks to avoid the counterclaim with new matter in that the plaintiff had "paid taxes, built fences, performed work, labor, and services, paid, laid out, and expended moneys, and made permanent improvements thereon by clearing up the land and getting it in condition for cultivation, and cultivating the same, to the amount, value, and extent of as much or more than the value of the use thereof." This reply was served by mail on October 5, 1903. Upon October 17, 1903, the defendants demurred to such parts of the reply as set up an avoidance to the counterclaim on the ground that it is insufficient in law upon the face thereof, and in the demurrer was this provision: "This demurrer does not include the taxes mentioned in said reply by way of counterclaim, to which said taxes the defendants do not demur." Prior to October 17, 1903, the date of the service of the demurrer, and upon October 10th, a notice of trial was served by the plaintiff for the October term of court in Warren county. At the call of the calendar on the opening day of the October term a motion was made by the defendants to strike this case from the calendar of that term. The motion was made upon the ground that there had been an issue of law raised by the demurrer, which must first be disposed of before the issue of fact could be tried, and that said issue of law was formed within 14 days from the beginning of the term. This motion was denied, and from the order entered denying this motion the defendants appealed to this court, which affirmed the order without opinion, and without costs. 87 N. Y. Supp. 1126. After the denial of this motion, at the October term in Warren county, upon agreement of counsel in open court, as it is claimed, the trial of the action was adjourned to Glens Falls, to which place the court was adjourned. Thereafter, without the appearance of the de-

¶ 4. See Appeal and Error, vol. 2, Cent. Dig. § 1166.

fendants, the plaintiff took judgment at the adjourned term at Glens Falls for the relief demanded in the complaint. Subsequently, and upon the 23d day of April, 1904, the defendants (appellants) made an application on notice to have this judgment vacated, which application was denied, and from the order entered thereupon these defendants appeal.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Frank E. Loughran, for appellants.
Adam Armstrong, for respondent.

SMITH, J. Upon the appeal from the order refusing to postpone the trial in this action this court affirmed the order upon the ground that the claimed demurrer was not authorized, as it was neither a demurrer to the reply nor to a separate traverse to or avoidance of a counterclaim contained in the reply. As it was not a demurrer authorized by section 493 of the Code of Civil Procedure, and was therefore improperly in the case, it raised no issue of law which must be decided before the trial of the issue of fact, and the case was properly on the calendar for trial. A further question is now raised upon this motion, which presents greater difficulty. By section 238 of the Code the place appointed for the holding of special terms at which issues of fact are triable must be that designated by the statute for holding county court. By section 239 it is provided that a case upon the calendar of a special term may, by the consent of counsel, be adjourned to a future day, and to the chambers of any justice of the court residing within the judicial district, by an entry in the minutes. The county courthouse in the county of Warren is situated in Lake George, in said county. From this place the term of court was adjourned to the village of Glens Falls, in said county. At Glens Falls no justice of the Supreme Court resided or had chambers. The adjournment, therefore, of the trial of this case from the village of Lake George to the village of Glens Falls, was unauthorized by section 239 of the Code. By section 37 of the Code it is provided that the "parties to an action * * * pending in a court of record may, with the consent of the judge who is to try or hear it without a jury, stipulate in writing that it shall be tried and determined elsewhere than at the courthouse. The stipulation must specify the place of trial or hearing, and must be filed in the office of the clerk, and the trial or hearing must be brought on by the usual notice, unless otherwise provided in the stipulation." In the absence of the stipulation provided for in this section, we are unable to find any authority for the court at this adjourned term in Glens Falls to try this case in the absence of defendants. At this adjourned term the defendants made default. The want of jurisdiction was not cured by their oral consent. Oral consent in open court in Lake George could not take the place of the written consent required by the Code to be made and filed as a condition precedent to the jurisdiction of the court to hear the case elsewhere than at the county courthouse, and to take the default of the party failing to appear. This defect of want of jurisdiction is not an irregularity which must be specified in the notice of motion, nor is it waived by the failure to raise the question in the court below. The judgment is void, as unauthorized. The order

denying defendants' motion must be reversed, with costs, and the motion to vacate granted, with $10 costs of motion.

Order reversed, with $10 costs and disbursements, and motion to vacate granted, with $10 costs. All concur.

---

(98 App. Div. 29.)

### WORMSER v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. November 18, 1904.)

1. CORPORATIONS—RIGHTS OF STOCKHOLDERS—ESTOPPEL.

Where a plan for the leasing of all the property of one corporation to another allowed the stockholders of the lessor to participate in the anticipated profits by subscribing to the stock of a third corporation, the value of whose stock depended wholly on the validity of the lease, a stockholder of the lessor, who had sold his right to subscribe to the stock of the third corporation, could not object to the validity of the lease.

2. SAME—FACTS ARISING AFTER COMMENCEMENT OF SUIT.

Acts of plaintiff after the commencement of a suit may preclude him from maintaining it, and be pleaded by the answer for that purpose.

3. RAILROADS—LEASE.

Under Railroad Law, § 78 (Laws 1890, p. 1106, c. 565), providing that any railroad company may contract with any other for the use of their respective roads, etc., a railroad may lease its property for 999 years.

Appeal from Special Term, New York County.