## DE JIANNE v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. September 6, 1922.)

No. 2890.

**1. Criminal law ⊸1028—Questions not raised and properly preserved in the trial court not considered on appeal.**

Subject to certain exceptions, where the court is without jurisdiction, or in criminal cases, where the life or liberty of the defendant is at stake, and gross errors are made, which are seriously prejudicial, and result in the miscarriage of justice, questions not raised and properly preserved in the trial court for review will not be considered on appeal, notwithstanding Judicial Code, § 269, as amended by Act Feb. 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246).

**2. Criminal law ⊸753(3), 762(2)—Court may not direct verdict of guilty, but may sum up facts and express his opinion, leaving ultimate determination to jury.**

In criminal cases, the trial judge may not direct the jury to find the defendant guilty, but may sum up facts and express his opinion on them, if he leaves their ultimate determination to the jury, and does not misstate any rule of law.

**3. Criminal law ⊸822(3)—Instruction held not erroneous, as against contention that it directed a verdict of guilty.**

In prosecution for having possession of intoxicating liquor in violation of the National Prohibition Act, instruction that "there does not seem to be any possible defense for that; there is no evidence here that the defendant declared this liquor; under the act, he was required to do that, if he wanted to hold it legally, but there is no evidence that he did"—*held* not ground for reversal, as against contention that it in effect directed a verdict of guilty, in view of conclusion of charge that the defendant was entitled to the benefit of reasonable doubt and should be acquitted, unless the jury was satisfied beyond a reasonable doubt that he was guilty.

**4. Indictment and information ⊸3—Whether a crime is an "infamous crime," requiring prosecution by indictment, is determined by the sentence the court may impose.**

Whether a crime is an "infamous crime," within Const. Amend. 5, providing that no person shall be held to answer for an "infamous crime," unless on presentment or indictment of a grand jury, except in specified cases, is determined by the sentence the court may, and not by the sentence the court does, impose.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Infamous Crime.]

**5. Indictment and information ⊸3—Offense for which imprisonment in state prison or penitentiary may be imposed is an "infamous crime," within Constitution, requiring indictment.**

An offense for which imprisonment in a state prison or penitentiary with or without hard labor may be imposed is an "infamous crime," within Const. Amend. 5, providing that no person shall be held to answer for an "infamous crime," unless on presentment or indictment of grand jury, except in specified cases.

**6. Criminal law ⊸620(1)—Separate indictments against same defendant may be tried together.**

Where the grand jury has found two or more separate indictments against the same defendant, it is within the discretion of the court to order them tried together, if they are not discordant, and if the ends of justice will be promoted thereby.

⊸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

282 F.—47

7. **Indictment and Information** ⊂⊃100—**One count may be bad, without affecting other counts.**

One count in an information or an indictment may be bad, without affecting the other counts.

8. **Criminal law** ⊂⊃1186(7)—**Judgment may be reversed as to one count, and affirmed as to other counts.**

A judgment may be reversed as to one count in an information, and a new trial granted, while the judgment on other counts is affirmed.

9. **Criminal law** ⊂⊃878(3)—**Defendant may be acquitted on one count, and convicted on another.**

A defendant may be acquitted on one count in an information, and convicted on another.

10. **Indictment and Information** ⊂⊃98—**Each of several counts must charge defendant as if he had committed a distinct offense.**

An indictment or information in several counts is a collection of separate bills against the same defendant for offenses which on their face appear distinct under one caption, and indorsed collectively as true by the grand jury, and every separate count should charge the defendant as if he had committed a distinct offense.

11. **Indictment and information** ⊂⊃3—**Five separate offenses against National Prohibition Act, charged in separate counts in one information, not "infamous crimes," within Constitution, requiring such crimes to be charged by indictment.**

Under Rev. St. § 1024 (Comp. St. § 1690), and National Prohibition Act, tit. 2, § 32, five separate offenses against the National Prohibition Act, constituting first offenses of the defendant, could be charged in separate counts in one information, instead of by an indictment of a grand jury, though imprisonment for not to exceed six months could be imposed as punishment for each offense, notwithstanding Const. Amend. 5, requiring infamous crimes to be charged by indictment of grand jury; such offenses not constituting infamous crimes, within the Constitution, though two years' imprisonment might be imposed on the first four counts, the counts being in effect five separate informations.

In Error to the District Court of the United States for the District of New Jersey; John Rellstab, Judge.

James De Jianne was convicted of selling and of having possession of intoxicating liquor, in violation of the National Prohibition Act, and he brings error. Affirmed.

George E. Cutley, of Jersey City, N. J., for plaintiff in error.
Richard C. Plumer, of Newark, N. J., for the United States.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. The plaintiff in error, hereinafter called defendant, was convicted on a criminal information containing five counts, four of which charged him with selling, and the fifth with having in his possession, intoxicating liquor, in violation of the National Prohibition Act (41 Stat. 305). He was sentenced to six months' imprisonment on second count, and to a fine of $500 on each of the other four counts, making in all $2,000.

The defendant insists that the learned District Judge erred in his charge to the jury, in that he virtually directed a verdict of guilty, and that he was without jurisdiction to sentence defendant on conviction to imprisonment on the crimes, charged in criminal informa-

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tion rather than indictment. In charging the jury on the fifth count the judge said:

"On the question of the fifth count, the matter of the possession of liquors, there does not seem to be any possible defense for that. There is no evidence here that the defendant declared this liquor. Under the act, he was required to do that, if he wanted to hold it legally; but there is no evidence that he did."

The alleged error is based upon the ground that in a criminal case the trial judge may not direct the jury to find the defendant guilty, and the language used in this case was a virtual direction to do so, and further there was testimony that the defendant had taken some action toward reporting the liquor.

[1] At the close of the charge, the trial judge asked counsel for defendant if he had any exceptions to the charge, and he replied, "No exceptions." Subject to certain exceptions (where the court is without jurisdiction on account of lack of proper parties, Chapman v. Barney, 129 U. S. 677, 9 Sup. Ct. 426, 32 L. Ed. 800; requisite amount involved, Cochran v. Childs, 111 Fed. 433, 49 C. C. A. 421; authorized place where trial was held, Armstrong v. Loveland, 99 App. Div. 28, 90 N. Y. Supp. 711; or in criminal cases, where the life or liberty of citizens is at stake, and gross errors are made which are seriously prejudicial and result in the miscarriage of justice, Wiborg v. United States, 163 U. S. 632, 658, 16 Sup. Ct. 1127, 1197, 41 L. Ed. 289; Crawford v. United States, 212 U. S. 183, 194, 29 Sup. Ct. 260, 53 L. Ed. 465, 15 Ann. Cas. 392; Weems v. United States, 217 U. S. 349, 362, 30 Sup. Ct. 544, 54 L. Ed. 793, 19 Ann. Cas. 705). not here involved, it is a rule of law of almost universal application that questions not raised and properly preserved in the trial court for review will not be considered on appeal. Any other rule would be unfair to the trial judge. One of the objects of an exception is to call his attention to the precise point in which he is supposed to have erred, in order that he may then and there consider it, and change his ruling or instruction, if he thinks, in the light of an objection, that he should do so (Beaver v. Taylor, 93 U. S. 46, 55, 23 L. Ed. 797), so that cases may not be considered and disposed of by the appellate court upon questions not brought to the attention of the trial judge, but evolved from the record by mature study of astute counsel (Robinson & Co. v. Belt, 187 U. S. 41, 55, 23 Sup. Ct. 16, 47 L. Ed. 65).

These cases were decided prior to Act Feb. 26, 1919, c. 48, 40 Stat. 1181, amending section 269 of the Judicial Code (Comp. St. Ann. Supp. 1919, § 1246). That act provides that:

"On the hearing of any appeal, certiorari, writ of error, or motion for a new trial, in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties."

We cannot assent to the proposition that the act "commands" (August v. United States, 257 Fed. 388, 168 C. C. A. 428) us to consider questions raised for the first time on appeal. The purpose of the act is the due administration of substantial justice. It accordingly conferred upon courts the statutory right to consider plain errors not as-

signed or specified. This act is simply declaratory of the right preserved in rule No. 21 of the Supreme Court and in the rules of courts generally. In Frey & Son, Inc., v. Cudahy Packing Company, (decided April, 1921) 256 U. S. 208, 41 Sup. Ct. 451, 65 L. Ed. 892, the Supreme Court disposed of the case on a point not raised below, without any mention whatever of the act and Mr. Justice Pitney, in a dissenting opinion in which Mr. Justice Day and Mr. Justice Clarke concurred, admirably stated the law on this subject as follows:

"It is elementary that, in order to lay foundation to review by writ of error the proceedings of the courts of the United States in the trial of common-law actions, the questions of law proposed to be reviewed must be raised by specific, precise, direct, and unambiguous objections, so taken as clearly to afford to the trial judge an opportunity for revising his rulings, and that a bill of exceptions not fulfilling this test will furnish no support for an assignment of error."

[2, 3] But, had exceptions been duly taken to the language, we think it was without error. In criminal cases the trial judge may not direct the jury to find the defendant guilty. Sparf & Hansen v. United States, 156 U. S. 51, 105, 715, 15 Sup. Ct. 273, 39 L. Ed. 343. But he may sum up the facts and express his opinion upon them, if he leaves their ultimate determination to the jury and does not misstate any rule of law. Starr v. United States, 153 U. S. 614, 624, 14 Sup. Ct. 919, 38 L. Ed. 841. In this case, he did not direct the jury to find the defendant guilty. He merely expressed his opinion of the evidence, but allowed the jury finally to determine the facts. He concluded his charge with this paragraph, immediately following the language of which complaint is made:

"Upon the whole case, it is simply a matter, gentlemen, of where the truth is. As I say to you, the defendant is entitled to the benefit of a reasonable doubt, and if you find any in this case for him on any one of those counts, why acquit him as to that count. If, however, you are satisfied beyond a reasonable doubt that upon these occasions he made these sales to a federal prohibition agent, and, as testified to, that he took the money, why there is nothing else for you to do but to convict him."

As to the second assignment of error, the Fifth Amendment to the Constitution of the United States provides that:

"No person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or in public danger."

[4, 5] An infamous crime is determined by the sentence the court may, and not by the sentence it does, impose, and an offense for which imprisonment in a state prison or penitentiary, with or without hard labor, may be imposed, is an infamous crime, which may be proceeded against by indictment of a grand jury only. Ex parte Wilson, 114 U. S. 417, 428, 5 Sup. Ct. 935, 29 L. Ed. 89; Mackin v. United States, 117 U. S. 348, 6 Sup. Ct. 777, 29 L. Ed. 909; Parkinson v. United States, 121 U. S. 281, 7 Sup. Ct. 896, 30 L. Ed. 959; In re Claasen, 140 U. S. 200, 11 Sup. Ct. 735, 35 L. Ed. 409.

Under the National Prohibition Act, for the first offense, as this was, for selling liquor in violation of the act, a defendant may not be

imprisoned for a period exceeding six months, nor fined more than $1,000, and for the unlawful possession of liquor he may not be fined more than $500. It is evident, and conceded, that in view of the penalty that may be imposed on any one count in the information the offense charged therein is not an "infamous crime," within the meaning of the Fifth Amendment. Defendant contends that since, under this act, separate offenses may be united in separate counts, and the defendant may be tried on all at one trial, and the penalty for all offenses may be imposed, and two years' imprisonment might be imposed on the first four counts, in effect and within the meaning of the Fifth Amendment, the separate counts are not four different informations, each carrying its own punishment, but one information, for which the punishment of two years in a state prison, with hard labor, may be imposed, and therefore the government may not proceed by criminal information rather than indictment by a grand jury.

Section 1024 of the Revised Statutes of the United States (Comp. St. § 1690) provides that:

"When there are several charges * * * or two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts."

This section is based upon the principle of law that each count contains a crime which is separate and distinct from that charged in the other counts. The word "count" here is used as synonymous with indictment. "Instead of having several indictments, the whole may be joined in one indictment in several counts;" that is, each count in legal intendment is equivalent to an indictment, and instead of having several indictments combined by the order of the court for convenience in trial, the act provides that these indictments may be combined by means of counts in one indictment. Section 32 of title 2 of the National Prohibition Act provides that:

"In any * * * information * * * for the violation of this act, separate offenses may be united in separate counts and the defendant may be tried on all at one trial and the penalty for all offenses may be imposed." 41 Stat. 317.

[6] This statute is declaratory of the general rule of law and makes it expressly applicable to violations of this act. The law relating to counts is applicable to indictments and informations alike. Where the grand jury has found two or more separate indictments against the same defendant, it is within the discretion of the court to order them tried together, if they are not discordant, and if the ends of justice will be promoted thereby. Since the court, in its discretion, may order different indictments consolidated for trial, the grand jury may itself consolidate them in the form of different counts, subject to the right of the court, in each instance, to interpose when justice requires it. The word "count" is used where, in one finding by the grand jury, the essential parts of two or more separate indictments, for crimes apparently distinct, are combined. 1 Bishop's New Criminal Procedure, § 421.

"In all cases, however, in which there are two or more counts, whether there is actually but one cause of action or several, each count purports, upon the face of it, to disclose a distinct right of action, unconnected with that stated in any of the other counts." Bouvier's Law Dictionary.

[7-9] Separate counts are so distinct from one another that one count in an information or indictment may be bad without affecting the other counts, or a judgment may be reversed as to one count in an information and a new trial granted, while the judgment on other counts is affirmed, or a defendant may be acquitted on one count in an information and convicted on another. Blitz v. United States, 153 U. S. 308, 14 Sup. Ct. 924, 38 L. Ed. 725; Grey v. United States, 172 Fed. 101, 96 C. C. A. 415; Lemon v. United States, 164 Fed. 953, 90 C. C. A. 617; United States v. Lair, 195 Fed. 47, 115 C. C. A. 49.

[10] An indictment or information in several counts, therefore, is a collection of separate bills against the same defendant for offenses which on their face appear distinct, under one caption, and indorsed collectively as true by the grand jury. On the face of the indictment or information:

"Every separate count should charge the defendant as if he had committed a distinct offense, because it is on the principle of the joinder of offenses that the joinder of counts is admitted."

In one class of cases, separate and distinct offenses are charged in separate counts in the same indictment or information, so that they may be tried together, and thus the burden of many trials avoided. In another class of cases, the same offense is charged in various ways in different counts, in order to meet the evidence which may be adduced at the trial, so as to avoid an acquittal by reason of any unforeseen lack of harmony between allegation and proof. Bishop's New Criminal Procedure, § 422; United States v. Howell (D. C.) 65 Fed. 402; Hill v. State, 42 Neb. 503, 60 N. W. 916.

[11] In the information before us there are five similar, but separate and distinct, offenses set out. Each one of them might have been charged in a single information containing but one count, in which case there would have been five informations, each containing one count, all of which, in the discretion of the trial judge, might have been combined and tried together. In that event imprisonment for six months, to run concurrently or consecutively, might have been imposed on each indictment. As it was, the United States attorney, under the authority of section 1024 of the Revised Statutes and section 32 of title 2 of the National Prohibition Act, elected to unite the five offenses in separate counts in one information and try them together; but in legal intendment they are as separate and distinct as if there had been five informations. It was therefore legal for the United States attorney to proceed against the defendant by one information, charging him with five independent crimes, one in each of five counts.

The judgment of the District Court will therefore be affirmed.