## THOMPSON v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit.   September 28, 1922.)

No. 2905.

1. **Criminal law ☞369(1)—Evidence of other crimes generally inadmissible.**

Generally, evidence which shows or tends to show that the accused has committed another crime wholly independent of that for which he is being tried, even though it is a crime of the same character, is irrelevant and inadmissible.

2. **Criminal law ☞1028—Generally questions not raised below are not reviewable.**

The general rule that questions not raised and properly preserved in the trial court for review will not be considered on appeal is not changed by Act Feb. 26, 1919, amending Judicial Code, § 269 (Comp. St. Ann. Supp. 1919, § 1246), which only confers upon courts the statutory right to consider plain errors not assigned or specified.

3. **Indictment and information ☞87(7)—Allegation that crime was committed "on or about" a certain date is sufficient; "formal defect."**

Except where time is an ingredient of the offense, an indictment is good which alleges the crime was committed "on, or about" a certain day, the quoted phrase being commonly understood not to put the time at large, but to indicate that it is stated with approximate accuracy, and such allegation being a formal and not a material matter within the meaning of Rev. St. § 1025 (Comp. St. § 1691), as to formal defects (citing Words and Phrases, Second Series, "On or about").

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Formal Defect.]

4. **Indictment and information ☞176—Where commission of crime is alleged "on or about" certain date, proof of commission on nearby days proper.**

Where the crime is alleged to have been committed "on or about" a certain date, proof of the commission of the crime on other days near the one stated is proper, and does not violate the rule against proof of other crimes.

5. **Criminal law ☞789(4)—Charge as to reasonable doubt held proper; "establish."**

A charge on presumption of innocence and reasonable doubt *held* not erroneous for using the words "preponderates" and "preponderance," where the judge after charging that the presumption of innocence continued with accused until displaced by a preponderance of evidence against him, continued: "It must be more than that.   The evidence must be of such a character as to establish guilt beyond a reasonable doubt"—as to "establish" was equivalent to "convincing" the jury beyond a reasonable doubt.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Establish.]

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

John L. Thompson was convicted of violating the National Prohibition Act, and brings error.   Affirmed.

John H. Kafes and Martin P. Devlin, both of Trenton, N. J., for plaintiff in error.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., and Frederic M. P. Pearse, Asst. U. S. Atty., of Newark, N. J.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. The plaintiff in error, hereinafter called defendant, was convicted for selling intoxicating liquor in violation of the National Prohibition Act (41 Stat. 305).

The defendant relies on the fifth, sixth, and ninth assignments of error, which may be compressed into two propositions: (1) Upon the trial of a person for one crime, evidence that he is guilty of other crimes is inadmissible; and (2) the court erred in its charge on reasonable doubt.

The indictment charged that the defendant sold intoxicating liquor at Trenton, N. J., on or about the 11th day of March, 1921. Richard C. Whitehead testified that he got a drink of whisky in the defendant's saloon at 14 South Warren street, Trenton, on a Thursday somewhere around the 1st of March, 1921. The trial judge asked the witness if he had been "in this place before" and "had drinks there," and he replied that he had "on a couple of other occasions," and that he had seen others get drinks there. Under cross-examination by the district attorney he testified as follows:

"Q. You say that you were there both the week preceding that and the week following that? A. The week preceding.

"Q. We are now speaking of the 3d or 4th of March. This day that you speak of, when you say that it was the Thursday nearest the 1st of March. You were also there shortly before that? A. Yes, sir.

"Q. And on those occasions you also bought drinks? A. Not always.

"Q. Before that you did? A. Yes, sir, before."

[1] The general rule of law, with certain exceptions collected in the case of People v. Sharp, 107 N. Y. 427, 14 N. E. 319, 1 Am. St. Rep. 851, is that on a prosecution for a particular crime, evidence, which shows or tends to show that the accused has committed another crime wholly independent of that for which he is being tried, even though it is a crime of the same character, is irrelevant and inadmissible, for it affords no legal presumption or inference as to the particular crime charged, and may be prejudicial to defendant. Boyd v. United States, 142 U. S. 450, 12 Sup. Ct. 292, 35 L. Ed. 1077; Fish v. United States, 215 Fed. 544, 132 C. C. A. 56, L. R. A. 1915A, 809; State v. Hendrick et al., 70 N. J. Law, 41, 45, 56 Atl. 247.

[2] No objection was made to the admission of the testimony made the basis of these two assignments. Subject to certain exceptions (where the court is without jurisdiction on account of lack of proper parties, Chapman v. Barney, 129 U. S. 677, 9 Sup. Ct. 426, 32 L. Ed. 800; requisite amount involved, Cochran v. Childs, 111 Fed. 433, 49 C. C. A. 421; authorized place where trial was held, Armstrong v. Loveland, 99 App. Div. 28, 90 N. Y. Supp. 711; or, where the life or liberty of citizens is at stake, in criminal cases, and gross errors, resulting in the miscarriage of justice, are committed, Wiborg v. United States, 163 U. S. 632, 658, 16 Sup. Ct. 1127, 1197, 41 L. Ed. 289; Crawford v. United States, 212 U. S. 183, 194, 29 Sup. Ct. 260, 53 L. Ed. 465, 15 Ann. Cas. 392; Weems v. United States, 217 U. S. 349, 362, 30 Sup. Ct. 544, 54 L. Ed. 793, 19 Ann. Cas. 705) not here in-

volved, it is a rule of law of almost universal application that questions, not raised and properly preserved in the trial court for review, will not be considered on appeal. Any other rule would be unfair to the trial judge. One of the objects of an exception is to call his attention to the precise point in which he is supposed to have erred, in order that he may then and there consider it and change his ruling or instruction if he thinks, in the light of an objection, that he should do so. Beaver v. Taylor et al., 93 U. S. 46, 55, 23 L. Ed. 797. So that cases may not be considered and disposed of by the appellate court upon questions not brought to the attention of the trial judge, but evolved from the record by mature study of astute counsel. Robinson & Co. v. Belt, 187 U. S. 41, 45, 23 Sup. Ct. 16, 47 L. Ed. 65.

These cases were decided prior to the act of February 26, 1919 (40 Stat. 1181), amending section 269 of the Judicial Code (Comp. St. Ann. Supp. 1919, § 1246). That act provides that:

"On the hearing of any appeal, certiorari, writ of error, or motion for a new trial, in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties."

We cannot assent to the proposition that the act "commands" (August v. United States, 257 Fed. 388, 168 C. C. A. 428) us to consider questions raised for the first time on appeal. The purpose of the act is the due administration of substantial justice. It accordingly conferred upon courts the statutory right to consider plain errors not assigned or specified. This act is simply declaratory of the right preserved in rule No. 21 of the Supreme Court and in the rules of courts generally. In Frey & Son, Inc., v. Cudahy Packing Co., 256 U. S. 208, 41 Sup. Ct. 451, 65 L. Ed. 892, decided April, 1921, the Supreme Court disposed of the case on a point not raised below, without any mention whatever of the act, and Mr. Justice Pitney, in a dissenting opinion in which Mr. Justice Day and Mr. Justice Clarke concurred, admirably stated the law on this subject as follows:

"It is elementary that, in order to lay foundation to review by writ of error the proceedings of the courts of the United States in the trial of common-law actions, the questions of law proposed to be reviewed must be raised by specific, precise, direct and unambiguous objections, so taken as clearly to afford to the trial judge an opportunity for revising his rulings; and that a bill of exceptions not fulfilling this test will furnish no support for an assign ment of error."

But it does not appear that if objection had been made and exception to the admission of the testimony seasonably taken, the judge committed error. The indictment charged that—

"On or about the 11th day of March, 1921, at Trenton, * * * John L. Thompson unlawfully did knowingly and willfully sell for intoxicating beverage purposes certain intoxicating liquor, to wit, whisky," etc.

[3, 4] The averment that the crime was committed "on or about the 11th day of March" did not limit the commission of the offense or offenses to that precise day. It might have been committed on that very day or at a time near that day. United States v. McKinley et

al. (C. C.) 127 Fed. 168. "The common understanding of the words 'on or about,' when used in connection with a definite point of time, is that they do not put the time at large, but indicate that it is stated with approximate accuracy." 3 Words and Phrases Judicially Defined, Second Series, 727. Some of the cases hold that the words not only do not indicate a precise time, but the time is so indefinite and uncertain as to render the indictment bad. Morgan v. State, 51 Fla. 76, 40 South. 828, 7 Ann. Cas. 773; United States v. Winslow, Fed. Cas. No. 16,742, but the weight of authority is that the allegation that a crime was committed "on or about" a certain date is sufficient, though the precise time is not thereby stated, except in cases in which time is an ingredient of the offense. Such allegation is a formal and not a material matter within the meaning of section 1025 of the Revised Statutes (Comp. St. § 1691), which provides that no indictment shall be deemed insufficient by reason of any defect in matter of form only. United States v. McKinley (C. C.) 127 Fed. 168; Rinker v. United States, 151 Fed. 755, 81 C. C. A. 379; United States v. Lair, 195 Fed. 47, 52, 115 C. C. A. 49; United States v. Aviles (D. C.) 222 Fed. 474; Bryant v. United States, 257 Fed. 378, 382, 168 C. C. A. 418. Good pleading, however, requires an allegation that the offense was committed on a particular day, but even when a particular day is alleged, it is not necessary to prove that the offense was committed on that day, unless a particular time was made material by the statute creating the offense. Ordinarily, proof of the commission of the crime any day before the finding of the indictment and within the statute of limitations will be sufficient. Ledbetter v. United States, 170 U. S. 606, 612, 18 Sup. Ct. 744, 42 L. Ed. 1162. A judgment may be sustained by proof of the commission of the crime or crimes before the indictment was found on dates other than those mentioned in the indictment. Price v. Henkel, 216 U. S. 488, 493, 30 Sup. Ct. 257, 54 L. Ed. 581. A fortiori when a precise date had not been named, proof of the commission of the crime on other days than the one approximately mentioned is admissible.

"The past tense in English is an indefinite tense, a mere past, and may denote either a continuing or momentary action." Grammar and Its Reasons, page 114, by M. H. Leonard. This use of the past tense is supported by grammarians generally, and is abundantly illustrated in the English language. This twofold function of the English past tense is expressed by two tenses in the Greek language. The past or "imperfect" tense denotes an action going on, customary or repeated in the past. The aorist tense represents a single act or event. Continuous past action in English is also and usually expressed by means of the present participle and the past tense, "was," of the auxiliary verb "be." The offense is charged in the indictment in the past tense. The emphatic form is employed by using the past tense of the auxiliary verb "do." The defendant "on or about the 11th day of March * * * did * * * sell for intoxicating purposes * * * whisky." This might mean a single act of selling or repeated acts on or about that time. If the latter was meant, it might have been alleged by use of the present participle and the past tense of the verb

"be." The defendant, on or about the 11th day of March was selling whisky. That no precise time when, nor particular person to whom, the whisky was sold is mentioned are persuasive that this is the sense in which the tense was used. Precise time or times and identity of persons could have been ascertained by a bill of particulars. In view of the twofold use of the English past tense in representing the duration or repetition of a past act, and the absence of any signified intention on the part of the government to confine the charge to a single act committed at a definite time, it was not error to submit evidence tending to prove that the offense of selling whisky was committed several times on or about the 11th day of March.

[5] The defendant contends that the learned trial judge erred in charging the jury on presumption of innocence and reasonable doubt. He complains of the use of the words "preponderates" and "preponderance." Whether or not he was prejudiced by the use of these words can best be determined by considering them in the connection in which they were used, and so we quote his language in full:

"The defendant is presumed to be innocent of the charge alleged against him and that presumption continues with him until the evidence adduced displaces such presumption, and its displacement does not take effect merely because the evidence *preponderates* against the defendant, but there must be a *preponderance* of the evidence in favor of the charge. It must be more than that. The evidence must be of such a character as to establish guilt beyond a reasonable doubt. Gentlemen, reasonable doubt does not mean a mere doubt, but it means just what the words themselves indicate, that there is a doubt founded in reason and arising from the evidence; nothing extraneous, but from the evidence. It is not a mere hesitation of the mind to accept proof because of a more or less chance or possibility of error or because of a disinclination to pronounce guilty on account of the punishment which may follow. That does not constitute reasonable doubt. Everything relating to human affairs depending upon evidence is open to some possible imaginative or speculative doubt. Reasonable doubt is a real doubt arising from the evidence based on reason, such as an intelligent man can entertain, and, if called upon to put into words, explain."

As defendant says, there are only two degrees of weight of evidence. In civil cases the plaintiff must prove his case by a preponderance of evidence. In criminal cases the evidence must be convincing beyond a reasonable doubt. If the trial judge had charged that the presumption of innocence continued with the defendant until displaced by a preponderance of evidence against him and had stopped there, the defendant's contention would have been meritorious, but he further said: "It must be more than that. The evidence must be of such a character as to establish guilt beyond a reasonable doubt." This additional instruction saved the judge from error in using the words "preponderates" and "preponderance." In order to convict, the jury must be convinced of guilt, and the necessary degree of conviction is "beyond a reasonable doubt." Such conviction must be produced by means of the evidence. If the evidence was of such a character as *to establish* in the minds of the jury the guilt of the defendant beyond a reasonable doubt, it was sufficient, and equivalent *to convincing* the jury beyond a reasonable doubt. The judge substantially adopted the definition of reasonable doubt used by Chief Justice Shaw in the famous Webster

Case, 5 Cush. (Mass.) 295, loc. cit. 320, 52 Am. Dec. 711, and we think his charge on this point was without error. Therefore the judgment of the District Court is affirmed.