**GEWERTZ et al. v. UNITED STATES.**

Circuit Court of Appeals, Third Circuit.
July 24, 1929.

Rehearing Denied October 18, 1929.

No. 3862.

28

Alvin L. Levi, of Philadelphia, Pa., for appellants.

George W. Coles, U. S. Atty., and Elmer C. Pfeiffer, Asst. U. S. Atty., both of Philadelphia, Pa., for the United States.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This is an appeal from a judgment entered on conviction of the defendants for having used the United States mail to execute a scheme and artifice, which they had devised, to defraud and obtain goods and property by false and fraudulent representations.

The scheme which the government charges the defendants with devising was the understatement of their liabilities in a financial statement sent through the mail to prospective creditors, called "victims," in order to obtain goods on credit. The statement, representing their financial condition as of December 31, 1924, showed assets of $39,901.54 and liabilities of $7,830.73, or a net worth of $32,070.81. The indictment charged, and the jury found, that the statement did not include, in the list of their liabilities, two promissory notes, aggregating $7,800, which were then outstanding and existing liabilities, and that they knowingly and willfully omitted these from the list of their liabilities, with intent to secure goods on credit and thus defraud their creditors.

Defendants operated under the firm of Gewertz Cotton Goods Company. Morris Gewertz is the owner of the company, and employs his son, Isadore Gewertz, the other defendant. Neither of them testified, and in fact no evidence whatever was offered by the defense. At the close of the government's case, the defendants moved for binding instructions, and contended there, as they do here, that, when all the evidence is considered, it shows nothing more than carelessness on their part, and not a scheme and artifice knowingly and willfully devised with intent to defraud; that it is as consistent with innocence as with guilt; and that under our case of Yusem v. United States, 8 F.(2d) 6,

their motion should have been granted. They further say that other errors were made during the trial, which were prejudicial to defendants, and that the judgment in consequence should be reversed.

The learned trial judge in a fair and impartial charge clearly presented the question to the jury of the omission of the notes from their liabilities in the statement sent out to various persons. Under his instruction, in order to convict, the jury had to find that the defendants did not ignorantly or carelessly send out the statement, but knowingly and willfully devised a scheme and artifice to defraud and used the United States mail to execute it. The verdict settles the issue of knowledge and carelessness, unless it is controlled by the Yusem Case. In that case, the financial statement, which the government claimed was inflated, showed assets of $138,390.53, and the actual amount of the assets as subsequently determined from the books and records was $134,627.66, or a difference of only $3,662.87, or about 2½ per cent. Besides, the account showed that some of Yusem's careless mistakes were made against him, and not in his favor.

In the case at bar, the statement showed Morris Gewertz to be worth $32,070.81. Defendants say that the government concedes him to be worth $11,368.94, and they say that the government's figures show him to be worth $22,538. Assuming that their interpretation of the government's figures of $22,538 is correct, and not the government's concession of $11,368.94, can we say that the omission from his liabilities of an amount equal to one-third his entire worth, as he claims, or two-thirds, as the government contends, was the result of mere carelessness only? Can we say as a matter of law that the jury erred in not finding that, in all those statements sent out, neither the father nor son thought of the two promissory notes which made so great a difference in the net worth shown? Was it not more reasonable to think that those notes were knowingly and willfully omitted with fraudulent intent as a part of their scheme? We think the government has borne the burden the law places upon it, and that the court did not err in refusing binding instructions. The cases of Hart v. United States (C. C. A.) 84 F. 799, 808, Union Pacific Coal Co. v. United States (C. C. A.) 173 F. 737, 740, Wright v. United States (C. C. A.) 227 F. 855, 857, and Joseph Wiener et al. v. United States (C. C. A.) 282 F. 799, 801, upon which we relied in the Yusem Case, are not applicable to the facts of the case at bar.

We have carefully considered the other assignments of error relied upon, and feel that they did not affect the merits of the case. Technical errors, defects, or exceptions, which do not affect the substantial rights of the parties, are not grounds for reversal. Act Feb. 26, 1919 (40 Stat. 1181 [28 USCA § 391]); De Jianne v. United States (C. C. A.) 282 F. 737; Thompson v. United States (C. C. A.) 283 F. 895; Monument Pottery Co. v. Imperial Coal Corp. (C. C. A.) 21 F.(2d) 683.

The judgment is affirmed.