**AMERICAN RAILWAY EXPRESS CO. v. McDERMOTT.**

**No. 4202.**

Circuit Court of Appeals, Third Circuit.

Oct. 31, 1930.

BUFFINGTON, Circuit Judge, dissenting.

Alexander R. Staples (of Bromley, Evans & Staples), of Philadelphia, Pa., for appellant.

Edwin A. J. Blank, of Philadelphia, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal from a judgment of the District Court based upon false arrest, false imprisonment, and malicious prosecution.

McDermott, the plaintiff below, was employed by the defendant, American Railway Express Company, from June, 1920, until October 14, 1925. On the latter date he was working as a receiving clerk in the defendant's office at Eighteenth and Market streets, Philadelphia, Pa., in what is known as the cut-off or value room. This is the room to which the deliverymen employed by the company return shipments or packages which they are unable to deliver during the day.

The plaintiff's duty was to give receipts to the deliverymen for the undelivered packages which are kept overnight in this room for delivery or other disposition the following day.

On October 14, 1925, the defendant, through its agents and servants, charged plaintiff with opening a sample case, taking an overcoat from it, closing the case, and placing the overcoat on a shelf behind a post in the value room where he was working. He was taken to the sixth floor of the building and was questioned and "grilled" for about two hours, by persons connected with the defendant company, but he stoutly denied the charge. He says that one of the officers of the defendant "attempted to force information from him by the use of force and violence." He was then, between 2 and 3 o'clock in the morning, taken by one of the defendant's officers to the city hall in Philadelphia, slated and locked up in a cell, where he remained until 5 o'clock that morning when his father secured his release on bail.

The following day he was given a hearing before Magistrate Edward J. Holland in the central police court in Philadelphia. The case was continued to October 22, 1925. At the conclusion of the hearing on that date, he was discharged for lack of sufficient evidence.

A few days thereafter plaintiff called at the defendant's office for his unpaid wages of $50. He was asked to sign a paper releasing the defendant from liability for his arrest, but he refused, and the defendant refused to pay him. He called several times thereafter and was each time requested to sign a release, but he refused and he was not paid. He then applied to the small claims division of the municipal court of Philadelphia for aid in securing the amount due him. It communicated with the defendant which notified the clerk of the court to have McDermott call at defendant's office on the morning of November 23, 1925, at 9 o'clock and the amount would be paid him. The plaintiff called as requested. He was again asked to sign a release, and, when he refused, he was paid and then arrested by an officer of the company, again locked up in a cell in city hall until 4 o'clock that afternoon when he was released on bail. On the following day he was given a hearing before a magistrate in West Philadelphia, was held under $600 bail, was indicted and on January 25, 1926, was tried in quarter sessions court in Philadelphia and acquitted. He thereupon brought this suit to recover damages for false arrest, false imprisonment, and malicious prosecution. The case was tried to the court and jury, and a verdict for $5,000 damages was rendered for the plaintiff, and, from the judgment entered thereon, the defendant appealed to this court.

The learned District Judge in his charge to the jury instructed it that cases of this general character were divided into three classes:

(1) Cases in which there was reasonable ground and probable cause for the prosecution;

(2) Cases in which there was an absence of reasonable ground and probable cause, but in which there was no malice in fact in the sense of evil motive for the prosecution, and

(3) Cases in which there was a like absence of excuse for the prosecution, coupled with actual malice arising out of evil motives.

After defining the third class, he further charged them as follows:

"There is a second class in which probable grounds does not exist or probable cause for prosecution does not exist, and yet the person may have acted from no bad motive. I charge you that in that class of cases if there was no reasonable ground, no probable cause for the prosecution, then the person thus unjustly charged may recover, but in that case they are limited in their claim for damages to what are called 'compensatory damages'; they are entitled to recover for the actual damages, money loss, which has grown out of the prosecution, but for nothing else if the motive behind the prosecution was an honest motive. * * *

"That is our third class, and there is in that third class this thought which goes with it, that when a jury comes to determine to which class the particular case submitted to them under its facts belongs let me reiterate, if your determination is that it belongs to the first class, then the defendant is entitled to your verdict; if your determination is that it belongs to the second class, then the plaintiff is entitled to your verdict, but in measuring the damages you restrict yourself to actual compensation for the loss which the plaintiff has shown by the evidence that he has sustained; if, however, your verdict is that the case belongs to the third class, then you do not stop with compensatory damages, you go into the realm of what the lawyers call punitive, vindictory, exemplary damages, but it really means that you have in your judgment a justification or right to apply punishment, through the rendering of a verdict for money damages to apply punishment to a prosecutor who has over-stepped the line

of what separates the rights of the plaintiff from his own right. In other words you are called upon to apply the 'gad' to a defendant, and in that you exercise what in your common sense judgment as honest men and women, is as to the weight and heaviness of the punishment which you administer, but the law gives you a wide scope in determining what that punishment shall be.

"Now, as to a general classification of the facts in this case; the defendant asserts in effect, that this case belongs to the first class; that under this evidence you should find that probable cause to institute this prosecution existed, and that there was reasonable grounds for the prosecutor to believe in the guilt, and counsel for defendant was quite right in reminding you that you are not to determine whether the plaintiff was guilty or whether he was not guilty; that question has already been determined for you. The jury before whom he was tried determined that he was not guilty, so that this case is not a retrial of that issue, but, as counsel very properly and very fairly put it before you, you are to determine whether there was reasonable ground to entertain the belief, not whether that belief turned out to be afterwards a mistaken belief or not, but whether that reasonable ground and probable cause for the prosecution existed.

"Now, you come to the second classification which I have given you, and that is this: That the defendant, although mistaken, was honest in what it did, that although no reasonable ground for this prosecution existed, and although probable cause was absent, and although it exercised a mistaken judgment, yet in the exercise of that judgment, although a mistaken one, was an honestly mistaken one, had no bad motive about it, and although it would be answerable for the mistake that was thus made and be liable in damages for the loss which the plaintiff sustained, yet, in fixing that loss, you would be restricted to compensatory damages.

"Then you come to what the plaintiff claims to be the real case presented, and that is to say that this prosecution had behind it not an honest motive, but the desire to punish this man, to take into their hands the whip of the law, and to administer to him the punishment for reasons which would not have the approval of an honest and sincere judgment.

"I say to you, in repetition of what I have already said, and repetition if it is not too frequent gives emphasis, that if in your judgment this is that kind of a case, then you use the metaphor that I used before, you may apply the 'gad' to this defendant and measure the weight of the whip which you think ought to be applied and the number of times you think it ought to be applied by the amount of the verdict which you render. * * *

"Now, let me recapitulate for the third time. If your judgment is as a jury that probable grounds for this prosecution existed, reasonable grounds for this prosecution existed and probable cause was present in its justification, then you are not to concern yourselves with motives. Reasonable ground, probable cause would be a legal justification for what was done, and I charge you that the defendant is entitled to your verdict if you so classify this case.

"If, however, you reach the conclusion that there was no reasonable ground, no probable cause, and a mistake was made, but that it was an honest mistake, not having behind it malicious promptings, either in law or malice in fact, that it was a mistake, and, I repeat, an honest mistake, then the plaintiff is entitled to your verdict, and in assessing the damages you limit them to what I have before stated as their proper limitation, which it is unnecessary for me to restate.

"And the third question is whether or not this is a case of the absence of reasonable ground, probable cause, plus the infusion into it of malice, of evil thought, the bad heart idea; then you may find a verdict for the plaintiff, and in assessing your damages you may assess them at whatever sum in your sane, common-sense judgment it is proper to assess as a punishment to any man or any corporation which would be guilty of the kind of acts which would necessarily lie behind your findings."

█ The defendant says that the charge as to the second class was erroneous because there could be no recovery, even of compensatory damages, unless the jury found that, in addition to the want of probable cause, there was malice; that both the absence of probable cause and the presence of malice must concur before any verdict could be found for the plaintiff.

This is a correct statement of the law as to a case founded on malicious prosecution alone. Want of probable cause and the presence of malice must concur in this class of cases in order to sustain a judgment for the plaintiff. Bryant v. Kuntz, 25 Pa. Super. Ct. 102; Taylor v. American International Shipbuilding Corporation, 275 Pa. 229, 119

958

A. 130; Walton Trust Company v. Taylor (C. C. A.) 2 F.(2d) 342; Chapman v. Anderson, 55 App. D. C. 165, 3 F.(2d) 336. But the rule in cases for false arrest and false imprisonment is different. In these cases where the arrest or imprisonment is made without probable cause, but in good faith and without malice, the plaintiff is entitled to a verdict, but is limited in recovery to compensatory damages. Buchanan v. Goettmann Brothers, 46 Pittsburgh Legal Journal (Pa.) 302; Barnett v. Reed, 51 Pa. 190, 88 Am. Dec. 574; Neall v. Hart, 115 Pa. 347, 8 A. 628, 2 Am. St. Rep. 559; Ogg v. Murdock, 25 W. Va. 139; Claiborne v. Chesapeake & Ohio Railway Co., 46 W. Va. 363, 373, 33 S. E. 262; Comer v. Knowles, 17 Kan. 436.

This was a case involving the elements of false arrest, false imprisonment, and malicious prosecution. The plaintiff in his complaint charges that the "warrants and arrest were caused to be made by the Defendant wickedly, maliciously and without any reasonable or probable cause." He pleaded facts which would support false arrest, false imprisonment, and malicious prosecution, for it is immaterial by what name the plaintiff designated the wrong if the complaint alleges and he proves facts showing that such wrong has been done. Fendall v. Eckert, 90 Pa. Super. Ct. 305. What the learned District Judge said as to the second class of cases must have referred to the charge of false arrest and false imprisonment, for, if it referred to the element of malicious prosecution, it was prejudicial to the plaintiff and too favorable to the defendant, and for this the defendant cannot complain. Consequently the charge on this point was without error.

The amount of the verdict, $5,000, shows that the jury did not limit the recovery to compensatory damages, but concluded that the case belonged to the third class, and the evidence, if believed, is sufficient to sustain that conclusion. So what was said, as a practical matter, about the second class of cases, turned out to be purely academic, and not prejudicial, and this furnishes no ground for reversal. De Jianne v. United States (C. C. A.) 282 F. 737; Thompson v. United States (C. C. A.) 283 F. 895; Monument Pottery Company v. Imperial Coal Corporation (C. C. A.) 21 F.(2d) 683.

The judge in his instructions to the jury fairly summarized the evidence. Considered as a whole, his charge was without error or prejudice to the defendant, and the judgment is affirmed.

BUFFINGTON, Circuit Judge (dissenting).

In my judgment the record disclosed a case which should be reversed and a new trial awarded. I find no proof which warranted the court in submitting to the jury the question whether this is "a case of absence of reasonable ground, probable cause, plus the infusion into it of malice, of evil thought, the bad heart idea," and instructing them "that if in your judgment this is that kind of a case then to use the metaphor I used before, you can apply the 'gad' to this defendant and measure the weight of the whip which you think ought to be applied and the number of times you think it ought to be applied by the amount of the verdict which you render"— language which in my judgment was not fitting in a charge. Because I cannot join in putting the stamp of approval on such language by an affirmance of a judgment based on it, I am, with great regret, but from a sense of duty, forced to record my dissent.