UNITED STATES v. McKINLEY et al.

SAME v. WOOD.

(Circuit Court, D. Oregon. December 9, 1903.)

No. 2,805.

1. INDICTMENT—AVERMENT OF TIME—"ON OR ABOUT."

    The averment of time in an indictment is a matter of form, not generally material, and in view of Rev. St. U. S. § 1025 [U. S. Comp. St. 1901, p. 720], which provides that no indictment shall be deemed insufficient by reason of any defect in matter of form only, as well as under the Oregon statute (adopted by rule in the federal courts in that state), which provides that the precise time need not be stated, an indictment alleging the time of commission of the offense as "on or about" a day named is sufficient, except in cases where the time is an ingredient of the offense.

Criminal Prosecutions. On demurrers to the indictments.

John H. Hall, U. S. Atty.

Thomas O'Day and F. P. Mays, for defendants McKinley et al.

John M. Gearin, for defendant Wood.

BELLINGER, District Judge. The former of these cases was heretofore heard upon demurrer involving the point hereinafter discussed, but not suggested in that argument or considered in the opinion rendered. The question now presented involves the sufficiency of the indictment in its allegation as to the time when the alleged offense was committed; the allegations in the indictments in both these cases as to time being that the defendants did "on or about" a certain date commit the offenses charged.

The case of United States v. Winslow, 3 Sawy. 342, Fed. Cas. No. 16,742, is mainly relied upon to sustain the contention that an allegation that the crime charged was committed on or about a certain date

¶ 1. See Indictment and Information, vol. 27, Cent. Dig. §§ 252, 255.

is insufficient. A demurrer was sustained to the indictment in that case upon this ground. As to the particular question the court says:

"Every indictment must allege a day and a year certain on which the offense was committed. 1 Bish. C. L. § 239. This is the common-law rule. The Code of Criminal Procedure of this state, which has been adopted by this court as a rule of practice, does not change the law. On the contrary, the form of an indictment given in section 70 (Deady's Gen. Laws, p. 453) indicates an absolute averment as to the time of committing the offense. An allegation that a crime was committed 'on or about' a certain day does not show but that the action is barred by lapse of time."

The apparent lack of consideration of the particular question in the paragraph quoted is explained by the fact that the court had already fully considered another ground of demurrer, upon which the indictment was held to be insufficient. The reason for the rule stated is that the words "on or about" render the time of the offense so uncertain that it does not appear but that the action is barred by the statute of limitations.

The Supreme Court of the state of Washington in State v. Williams, 13 Wash. 338, 43 Pac. 15, holds the opposite of the rule here laid down. The Code of Washington, under which this allegation is sustained, is identical with that of Oregon, and the forms prescribed for indictments are identical in the two states. The law of Washington, like that of Oregon, requires the indictment to show that the crime was committed some time prior to the finding of the indictment, and within the time limited by law for the commencement of an action therefor. The Washington Case, therefore, holds against the contention that the words "on or about" render the time so uncertain that it cannot be known from the indictment within what month or year the crime was committed. The Supreme Court of Montana in State v. Thompson, 10 Mont. 558, 27 Pac. 349, holds that the words "on or about" are a sufficient allegation in an indictment as to time. That court quotes from the case of United States v. Winslow, 3 Sawy. 342, Fed. Cas. No. 16,742, and undertakes to distinguish it from the case before it, upon the ground that the provisions in the Montana statute seem to change the common-law rule. But the Montana Supreme Court overlooked the fact that the Oregon statute, which the case of United States v. Winslow says does not change the common-law rule, is the same as the Montana statute. Moreover, the statute of Montana requires the indictment to show that the action is not barred, and if the words "on or about" are too uncertain for this in any case they are so in all cases. There is no form of indictment prescribed in Montana, but the most that is claimed for the form prescribed in Oregon (the same form is prescribed in Washington) is that it indicates an absolute averment as to the time of committing the offense. The Supreme Court of Montana refers to this, and speaking of the statute of Montana uses this language: "Instead of indicating an absolute averment of time, it says that the precise time need not be stated." But the Oregon statute does the same thing. It provides that the precise time at which the crime was committed need not be stated in the indictment, but it may be alleged to have been committed at any time before the finding thereof, and within the time in which an action may be

commenced therefor, except where time is a material ingredient in the crime. Bellinger & Cotton's Code, § 1309.

It is obvious that the form of indictment which is said to indicate a precise averment as to time cannot affect the provision which dispenses with a statement of the precise time at which an offense was committed. The form prescribed in the Oregon statute is not intended to indicate a rule as to the requisites of indictments, but is a guide for the convenience of the pleader. Code of Oregon, § 1305.

In the case of State v. Harp, 31 Kan. 498, 3 Pac. 432, an indictment in which the offense charged was alleged to have been committed on or about a day named was held sufficient under a statute which, like the Oregon statute, requires the indictment to show that the prosecution was commenced within the time prescribed by the statute of limitations, and there are several cases holding that the words "or about" may be disregarded as surplusage.

If a precise time was necessary to be stated in an indictment at common law, then it goes without saying that the Oregon statute, which provides that the precise time at which the crime was committed need not be stated, has changed the common-law rule; and this statute is a rule of procedure in the federal courts in all cases where it is applicable and where Congress has not provided otherwise.

Furthermore, the statement in an indictment of a precise time when the crime was committed is merely a matter of form; otherwise the time alleged would have to be proved, and such proof is not required. The rule as to this is too well settled to require the citation of cases. In the case of State v. Elliot, 34 Tex. 150, the court says: "In this country it is quite uniformly held that the averment of time in an indictment is a matter of form, and not generally material"—citing Wharton's Crim. Law, 261; Bishop's Criminal Practice, 237.

Whether the law of the state, which abolishes the formal requirement of the common law as to the time required to be stated in an indictment, applies or not, the result is the same. Section 1025 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 720] provides that "no indictment found and presented by a grand jury in any district or circuit or other court of the United States shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant." This statute abolishes the form of pleading what is not required to be proved. In view of this statute, and leaving the Oregon statute out of consideration, the precise time at which an offense was committed need not be alleged, except in cases where time is an ingredient of the offense, or where written instruments are set out, or where the time stated is to be proved by matters of record.

No case, so far as I am advised, except the case of United States v. Winslow, has held that the words "on or about" a day named, or that an omission otherwise to allege a precise day, renders the time so uncertain that it cannot be known but that the action is barred by the statute of limitations. In all the other cases cited, where indictments have been held bad for failure to allege the precise time when the crime was committed, the ground of the decisions has been either

the technical rule of the common law or the fact that time was an ingredient of the crime charged.

It is argued that the words "on or about" in the phrase, "did on or about the 1st day of April, 1901," render the month and the year as well as the day uncertain. The meaning of this language to the general understanding is that the time of the crime was near the 1st day of April in the year 1901. There is no uncertainty as to the year. The words "April, 1901," mean April in the year 1901, and no resource of ingenuity can make them mean anything else. An averment in this language is of a time within the year, and if any day within the year may be proved the allegation is sufficient.

The demurrers in the case of the United States v. McKinley et al. are overruled. In the case of Wood the hearing upon the demurrer is continued for argument upon the other questions in the case.