## PRICE *v.* HENKEL, UNITED STATES MARSHAL.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE SOUTHERN DISTRICT OF NEW YORK.

No. 385.   Argued January 7, 1910.—Decided February 21, 1910.

*Haas* v. *Henkel, ante,* p. 462, followed as to jurisdiction of commissioner under § 1014, Rev. Stat., to remove accused who has also been indicted in the district from which removal is sought.

One good count in an indictment, under which a trial may be had in the district to which removal is sought, is enough to support an order of removal in *habeas corpus* proceedings, *Horner* v. *United States,* 143 U. S. 207, even though accused may be held to bail in the district from which removal is sought on an indictment of which some of the counts are similar.

But an indictment which alleges that the offense was committed in the district where found, does not conclusively destroy the *prima facie* case made in a removal proceeding by the indictment found in the district to which removal is sought and which alleges that the offense was committed therein, and if the commissioner also heard evidence upon which he based his decision, that decision is not open to review in *habeas corpus* proceedings.

In this case the independent evidence which was offered to show that accused was not in the district where the indictment was found was not conclusive.

163 Fed. Rep. 904, affirmed.

THE facts are stated in the opinion.

*Mr. DeLancey Nicoll,* with whom *Mr. John D. Lindsay, Mr. Howard S. Gans* and *Mr. Thomas Staples Fuller* were on the brief, for appellant.

*Mr. Jesse C. Adkins,* Special Assistant to the Attorney General, with whom *Mr. Assistant Attorney General Fowler* was on the brief, for appellee.

MR. JUSTICE LURTON delivered the opinion of the court.

The appellant, Theodore H. Price, was, on March 1, 1909,

committed by a United States commissioner for the Southern District of New York to the custody of the appellee, as marshal for that district, to await an order of removal to the District of Columbia, for trial upon two indictments, numbered respectively 26,088 and 26,089, being two of the indictments considered in the case of *Haas* v. *Henkel*, just disposed of. Price thereupon filed his petition in the Circuit Court of the United States for the Southern District of New York, alleging that his imprisonment was unlawful and in violation of the Constitution of the United States, and praying for a writ of *habeas corpus* and certiorari, and that he might be discharged from such arrest. Upon a hearing, his petition was dismissed and he was remanded to the custody of the marshal. From this order he has prayed this appeal.

This appeal and that of Haas were argued together, the difference between the two being slight. The two New York indictments against Price which he had been held to answer when these removal proceedings were begun were numbered 307 and 308. The first charged him with having entered into a conspiracy with Moses Haas, Edwin S. Holmes, Jr., and other persons unknown, to defraud the United States, and the other charged him with having conspired with Haas to bribe Holmes, an official in the Statistical Bureau of the Department of Agriculture, to violate his duty. These indictments allege the conspiracy to have been formed in the Southern District of New York. They are in all respects similar to the two District of Columbia indictments against the same persons, which lay the *locus* of the conspiracy in the District of Columbia, except that certain counts in the latter indictments charge particular offenses not charged in either of the New York indictments.

It is now insisted that the order of the commissioner committing appellant to the custody of the marshal to await a removal is void:

1. Because § 1014, Rev. Stat., does not authorize a removal from the district where an accused is found when he

is there under bail to answer local indictments for the same offense.

2. That the commitment to await an order of removal was illegal and an abuse of power, because the District of Columbia indictments did not substantially charge any offense against the United States.

3. That the record certified by the commissioner under the certiorari issued by the Circuit Court does not show any evidence justifying a conclusion that there was probable cause to believe that the appellant had committed any crime in the District of Columbia.

As two of the counts included in one of the District of Columbia indictments are for particular offenses, similar in character, but not identical with those covered by either of the two New York indictments, it is apparent that appellant has not been held in New York to answer all of the offenses which he is charged with having committed in the District of Columbia, and could not be brought to trial under the New York indictments for the offenses charged by the fifth and seventh counts of one of the District of Columbia indictments. This alone serves to take the case out of the precise situation presented by the first objection against the order made by the commissioner. If there is one good count under which a trial might be had in the district to which the removal is sought, it is enough to support an order in a *habeas corpus* proceeding. *Horner* v. *United States*, 143 U. S. 207, 214.

But for the reasons already stated in the opinion in the *Haas case*, just handed down, we are of opinion that absolute identity in the two sets of indictments does not operate to defeat a removal, if the Government elect to try in another district, and that the only function of a commissioner before whom a removal complaint is made in such a situation is to be satisfied that there is probable cause to believe that the accused is guilty of an offense charged to have been committed in the district to which the removal is sought. This case, upon this point, as well as upon the point that the two indictments here

involved do not sufficiently charge an offense against the United States, is governed by the opinion and judgment in the *Haas case.*

This brings us to the only question which is not necessarily concluded by the opinion in the *Haas case,* namely, whether there was any substantial evidence before the commissioner upon which he might, in the exercise of his jurisdiction, decide that there was probable cause for believing that appellant had committed, within the District of Columbia, the offenses charged in the indictments against him found in that district.

That at least a *prima facie* case for the removal was made by the introduction of the indictments returned against him in the District of Columbia is not disputable. That much efficacy is attributed to a certified copy of an indictment found in a competent court of another district when put in evidence in a removal proceeding. *Bryant* v. *United States,* 167 U. S. 104; *Greene* v. *Henkel,* 183 U. S. 249; *Hyde* v. *Shine,* 199 U. S. 62; *Beavers* v. *Henkel,* 194 U. S. 73. But the evidence of probable cause afforded by the indictment is not conclusive. For this reason it has been held that the refusal of a commissioner to hear evidence offered for the purpose of showing that no offense had been committed triable in the district to which removal was sought, would be a denial of a right secured under the Constitution. *Tinsley* v. *Treat,* 205 U. S. 20. But in this case there was no closing of the door to evidence offered to show a want of probable cause. Copies of the New York indictments against appellant for many of the same offenses were received in evidence, as tending to show that the conspiring, if any there was, had been done in New York and not in the District of Columbia. Some evidence tending to show that Price was not in the District of Columbia at the time when the conspiracies are charged to have been formed was also introduced. There was also some evidence offered questioning the identity of the appellant with the person accused by the District of Columbia indictments. The probative weight of certified copies of the New York indictments is necessarily

limited to such counts as are identical in the two sets of indictments. This would leave counts five and seven of indictment No. 26,088 unaffected as evidence of probable cause, and justify the order of commitment, although there might be conclusive evidence that the offense charged in the other counts had not been committed in the District of Columbia as charged. *Horner* v. *United States*, 143 U. S. 207.

But it cannot be conceded that the introduction of copies of the New York indictments operated to destroy the evidential effect of the indictments found in the District of Columbia, even as to the identical counts. In the case of *Haas* v. *Henkel* we held that such evidence did not so conclusively destroy the evidence afforded by copies of the District of Columbia indictments as to leave no testimony upon which the commissioner might, upon the whole case, decide that there was proof of probable cause.

The commissioner had before him competent evidence in the certified copies of the District of Columbia indictments upon which he might base a conclusion of probable cause. At most, the New York indictments, together with the evidence tending to prove that appellant had not been in the District of Columbia at any of the times when the conspiracy was said to have been formed, only made an issue which the commissioner had jurisdiction to decide, and when we find from the proceedings before him that he did hear such evidence upon which he might base his decision, that decision is not open for review upon a petition for a writ of *habeas corpus. In re Oteiza y Cortes*, 136 U. S. 330; *Bryant* v. *United States*, 167 U. S. 104; *Greene* v. *Henkel*, 183 U. S. 249, 261; *Hyde* v. *Shine*, 199 U. S. 62, 84. This is the rule as stated by Mr. Justice Brown, speaking for the court in *Hyde* v. *Shine*, cited above, where it was said:

"In the Federal courts, however, it is well settled that upon *habeas corpus* the court will not weigh the evidence, although, if there is an entire lack of evidence to support the accusation, the court may order his discharge. In this case, however, the

production of the indictment made at least a *prima facie* case against the accused, and if the commissioner received evidence on his behalf it was for him to say whether, upon the whole testimony, there was proof of probable cause. *In re Oteiza,* 136 U. S. 330; *Bryant* v. *United States,* 167 U. S. 104. The requirement that the usual mode of process adopted in the State shall be pursued refers to the proceedings for the arrest and examination of the accused before the commissioner, but it has no bearing upon the subsequent independent proceeding before the Circuit Court upon *habeas corpus.* In this case the commissioner did receive evidence on behalf of the appellants, and upon such evidence found the existence of probable cause and committed the defendants, and, upon application to the District Judge for the warrant of removal, he reviewed his action, but did not pass upon the weight of the evidence."

The evidence independent of that afforded by the New York indictments, relied upon to show that appellant was not in the District of Columbia when the conspiracy is charged to have been formed, has been examined. It cannot be said to be at all conclusive. First, it leaves out of consideration the fact that the indictments may be sustained by evidence of a conspiracy formed at dates before the finding of the indictment, other than those named, if not barred by the statute of limitations. *Ledbetter* v. *United States,* 170 U. S. 606, 612. Second, it does not exclude the possibility that the conspiracy may have been formed in the District of Columbia without appellant being physically present when the conspiracy was formed. *In re Palliser,* 136 U. S. 257, 265; *Burton* v. *United States,* 202 U. S. 344, 387; *United States* v. *Thayer,* 209 U. S. 39, 43. In *Burton* v. *United States,* cited above, it was said by this court that "the constitutional requirement is that the *crime* shall be tried in the State and district where committed, not necessarily in the State or district where the party happened to be at the time."

Upon the whole case, we are satisfied that there is not shown that entire absence of evidence, which, upon an appeal

like this, would require us to hold that the decision that there was probable cause was void as not based upon any evidence.

*Final order affirmed.*

BREWER, J., concurring.

I concur in affirming the orders of removal in these cases, but my concurrence must not be taken as holding that the indictments will stand the final test of validity or sufficiency. Assuming that there is a doubt in respect to these matters, as I think there is and as seems to be suggested by the opinion in No. 367, I am of the opinion that such doubt should be settled by direct action in the court in which the indictments were returned, and not in removal proceedings.

MR. JUSTICE MCKENNA concurs in the result, but reserves opinion whether the facts alleged in the indictment constitute a conspiracy to defraud the United States.