**HAWKINS v. BORTHWICK, U. S. Marshal for the Southern Dist. of Ohio.**

**SAME v. UNITED STATES.**

(Circuit Court of Appeals, Sixth Circuit. May 11, 1925.)

Nos. 4371, 4392.

1. **Criminal law** ☞242(7)—**Evidence held to show probable cause for issuing warrant for removal of accused to another district and for discharging writ of habeas corpus.**

Evidence *held* to show probable cause for issuing warrant for removal of accused to another district to answer indictment charging use of mails to defraud under Penal Code, § 215 (Comp. St. § 10385), and conspiracy under section 37 (section 10201) to violate section 215, and discharge of writ of habeas corpus was warranted.

2. **Criminal law** ☞242(6)—**Generally, decision of court where indictment was found that it has jurisdiction is not open to question in proceedings in another district for removal of accused.**

Generally, decision of court where indictment was found that it has jurisdiction is not open to question in proceedings in another district on application for removal of arrested defendant to district in which indictment is pending.

**3. Criminal law ⟨⟩242(5)—Indictment establishes prima facie the existence of probable cause for removal of accused to another district.**

Indictment itself establishes prima facie the existence of probable cause for removal of accused to district in which indictment was found.

**4. Criminal law ⟨⟩242(8)—Merits of accused's guilt or innocence held not triable in proceedings for his removal to another district.**

Though court in proceedings for removal of accused to another district may hear competent evidence rebutting prima facie showing made by indictment, merits of accused's guilt or innocence were not triable in such proceedings, where accused failed to appear for trial under indictment charging use of mails to defraud and conspiracy under Penal Code, §§ 37, 215 (Comp. St. §§ 10201, 10385) and capias was issued for his arrest, and other joint defendants had been convicted.

**5. Criminal law ⟨⟩586, 1151 — Refusing or granting continuance is for sound discretion of trial court, and its decision will not be disturbed by appellate court except for clear abuse thereof.**

Refusing or granting of continuance is ordinarily addressed to sound discretion of trial court, and its decision will not be overturned by appellate court in absence of abuse thereof.

**6. Criminal law ⟨⟩242(8)—Refusal to grant continuance in proceedings for removal of accused to another district held not error.**

It was not error to refuse to grant continuance in proceedings for removal of accused to another district, so that testimony before commissioner could be taken anew, where court itself took testimony of accused.

**7. Criminal law ⟨⟩242(8)—Refusal to grant continuance, in proceedings for removal of accused to another district, held not error.**

In proceedings for removal of accused to another district, it was not error to refuse continuance until certain witnesses could be produced, where there was no showing that witnesses could and would be procured or that necessary steps had been taken to obtain their depositions, and there was no disclosure of nature of testimony sought to be obtained and that it would be competent or material.

**8. Criminal law ⟨⟩242(7)—Testimony going to merits properly excluded in proceeding for removal of accused to another district.**

In proceeding for removal of accused to another district, testimony, though material, as to merits, *held* properly excluded as not tending to overcome prima facie showing of probable cause.

**9. Criminal law ⟨⟩1115(1)—Record of proceedings for removal of accused to another district held not to present anything for review.**

Record embracing, previous to petition for writ of error, only application for warrant of removal of accused, entry dismissing writ of habeas corpus and granting application for warrant of removal, and assignment of errors, *held* to present nothing for review, in absence of bill of exceptions or testimony otherwise.

Appeal from the District Court of the United States for the Western Division of the Southern District of Ohio; Smith Hickenlooper, Judge.

In Error to the District Court of the United States for the Western Division of the Southern District of Ohio; Smith Hickenlooper, Judge.

Morton S. Hawkins was indicted with others for using mails to defraud, and conspiracy to violate Pen. Code, § 215. On his failure to appear for trial, he was arrested on capias, and petitioned for habeas corpus. The District Court for the Southern District of Ohio ordered his removal to the district of Indiana, and in the same order dismissed the writ of habeas corpus, and he appeals, and brings error. Order affirmed.

Fred W. Warner, of Marion, Ohio (Fred L. Carhart, of Marion, Ohio, on the brief), for appellant.

Homer Elliott, Sp. Asst. Atty. Gen. (Haveth E. Mau, of Cincinnati, Ohio, on the brief), for appellees.

Before DENISON, DONAHUE, and KNAPPEN, Circuit Judges.

PER CURIAM. On March 10, 1924, Morton S. Hawkins and 18 others were jointly indicted in the District of Indiana upon charges of using the mails to promote fraudulent schemes (Penal Code, § 215 [Comp. St. § 10385]), as well as a charge of conspiracy (Penal Code, § 37 [section 10201]) to violate section 215 of the Penal Code. On January 24, 1925, the District Court below granted the application of the United States attorney for appellant's removal from Ohio—where he had been arrested upon warrant by a commissioner for the Southern District of Ohio—to the Indiana court to answer the indictment referred to (unless the required bond for his appearance should be given); and by the same order dismissed the writ of habeas corpus, brought to obtain discharge from the custody of the marshal. No. 4371 is an appeal to and No. 4392 is a writ of error from this court to review the order of January 24, 1925, made by the District Court for the Southern District of Ohio. Applications for allowance of appeal and for writ of error were made on the same day.

[1] Appellant complains that before both the commissioner and the District Court below, he was not permitted to show want of

probable cause for the issuing of the warrant challenging the sufficiency and lawfulness of the indictment as competent evidence, and asserts that he was not given reasonable time to produce witnesses and to enable him to have the presence and services of his attorney.

On March 31, 1924, Hawkins had appeared in the District Court for the District of Indiana—presumably having been duly arrested—and there moved to quash the indictment, which motion was overruled.

He thereupon filed demurrer to the indictment, which also was overruled; he was thereupon arraigned and pleaded not guilty. On October 1, 1924, he filed a motion for a bill of particulars, which was denied. Having failed to appear for trial, his appearance bond was forfeited and capias issued for his arrest. On trial later had in the District Court for the District of Indiana under the indictments in question, fourteen of the joint defendants were convicted (two others being acquitted), and on January 10, 1925, sentences were pronounced upon those convicted, several of whom, at least, have taken writs of error from the United States Circuit Court of Appeals for the Seventh Circuit for a review.

Upon the hearing before the District Court below, which resulted in the order here under review, appellant's identity was not only affirmatively established, but was not denied by appellant, who admitted that he was a resident of Portland, Ind., until September, 1923. Thirteen of the fifteen overt acts charged in the conspiracy count are in terms laid previous to that date, and in each of the counts charging fraudulent use of the mails, such mailing is charged at dates prior to September, 1923.

Appellant gave some testimony before the commissioner regarding his own personal and family history, but was not permitted to answer seven questions manifestly addressed to the meritorious question of his guilt or innocence of the charges in the indictment.

[2-4] We think appellant has no cause to complain of the order of the District Court below. The jurisdiction of the court in which the indictment was found is not, on this record, open to question here. Normally the decision of that question would be for the Indiana court. Rodman v. Pothier, 264 U. S. 399, 402, 403, 44 S. Ct. 360, 68 L. Ed. 759. The indictment itself established prima facie the existence of probable cause. Beavers v. Henkel, 194 U. S. 73, 84, 85, 87, 24 S. Ct. 605, 48 L. Ed. 882; and while the question of probable cause is not thereby

concluded, Tinsley v. Treat, 205 U. S. 20, 29, et seq., 27 S. Ct. 430, 51 L. Ed. 689, and the District Judge might hear other competent evidence rebutting the prima facie showing made by the indictment, it was not open to appellant upon the case made, and under the situation here presented, to try out before the commissioner or the District Judge the meritorious question of appellant's guilt or innocence. Hyde v. Shine, 199 U. S. 62, 84, 25 S. Ct. 760, 50 L. Ed. 90; Henry v. Henkel, 235 U. S. 219, 228, et seq., 35 S. Ct. 54, 59 L. Ed. 203; Price v. Henkel, 216 U. S. 488, 492, 30 S. Ct. 257, 54 L. Ed. 581; Greene v. Henkel, 183 U. S. 249, 259, et seq., 22 S. Ct. 218, 46 L. Ed. 177. There was ample evidence to justify the order of removal and the discharge of the writ of habeas corpus.

[5-7] Nor do we think reversible error was committed in the refusal of continuance. Ordinarily questions of that nature are addressed to the sound discretion of the court which will not be overturned in the absence of abuse thereof which we think does not appear. It was fairly open to inference that appellant was seeking unnecessary delay. If there were otherwise merit in the proposition that the testimony before the commissioner should be taken anew and not certified up, the merit disappeared when the District Judge took before himself the testimony of appellant. Nor do we think appellant has any reason to complain of the refusal to continue the hearing until certain witnesses for whom appellant filed præcipe could be produced. Not only was there no showing that the attendance of the witnesses could and would be procured, or that the necessary steps had been taken to obtain their depositions, but there was no disclosure of the nature of the testimony sought to be obtained from the witnesses, and thus nothing to show that the testimony would be competent or material. The application was, to say the least, addressed to the sound discretion of the judge.

[8] From what we have said regarding the nature of the hearing, it follows that the District Judge was justified in refusing to permit the witness Doughty to testify that he was a stockholder and an investor in one of the companies and a large investor in another of the companies, fraudulent transactions in whose stocks were charged in the indictment, and that one of those companies has been a prosperous institution, has earned more than the necessary 8 per cent. dividend, and has paid its dividends out of its earnings. However material this testimony might

be upon the trial under the indictment, it would not reasonably tend to overcome the prima facie showing of probable cause.

[9] This cause came on for expedited hearing in this court upon the appeal in No. 4371. During the hearing it appeared that the writ of error in No. 4392 had been taken out and the record therein printed—embracing, previous to the petition for writ of error, only the application for warrant of removal, the entry of January 24, 1925, dismissing writ of habeas corpus and granting application for warrant of removal; plus an assignment of errors. In the absence of bill of exceptions or testimony otherwise, no case for review is presented by that writ and record. The questions involved therein seem, however, to be fully covered by the briefs and arguments in 4371, the record in which case includes testimony and bill of exceptions fairly applicable to a record in No. 4392. The entry of January 24, 1925, appears also in the record in No. 4371; the appeal in which case is broad enough, in terms, to include the warrant for removal as well as the habeas corpus order. Counsel have suggested no reason for separate or further hearing in No. 4392, which, indeed, could have no office unless considered as part of the record in No. 4371. We have accordingly so treated it.

For the reasons stated in this opinion, the order of January 24, 1925, is affirmed in its entirety; that is to say, both as regards the order and warrant for removal and as to the dismissal of writ of habeas corpus.