## STEEVES v. RODMAN, U. S. Marshal.

(Circuit Court of Appeals, First Circuit. May 29, 1926.)

No. 1982.

**1. Criminal law ⬅⇒242(4).**

Sufficiency of indictment as evidence of probable cause does not become immaterial on removal hearing, because the government introduced evidence outside of indictment to show probable cause.

**2. Criminal law ⬅⇒242(11).**

It is not the province of Circuit Court of Appeals to weigh evidence introduced before United States commissioner in removal hearing except so far as to ascertain that evidence was sufficient to warrant finding of probable cause.

Appeal from the District Court of the United States for the District of Rhode Island; Arthur L. Brown, Judge.

Habeas corpus by Harry L. Steeves against William R. Rodman, United States marshal. From a decree discharging the writ, and remanding the petitioner to the custody of respondent (10 F.[2d] 212), petitioner appeals. Affirmed.

Frank E. Harkness, of Chicago, Ill. (Herbert Pope, of Chicago, Ill., and Alexander L. Churchill, of Providence, R. I., on the brief), for appellant.

William J. Donovan, of Washington, D. C. (Russell Hardy and Clifford H. Byrnes,

both of Washington, D. C., on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. On March 27, 1924, Harry L. Steeves, appellant, together with some 47 corporations and a like number of individuals, was indicted in the federal District Court for the Eastern Division of the Northern District of Ohio, charged with having engaged in an illegal combination in restraint of trade in interstate commerce in malleable castings. In November, 1925, he was arrested in the district of Rhode Island for removal to the Northern district of Ohio, and was brought before a United States commissioner for hearing November 25. At the hearing a certified copy of the indictment was introduced by the government, together with a large number of letters, telegrams, forms, lists of members, a code book, and a so-called "plan" of association. Testimony was also given tending to show the connection of the appellant with such an association and his activities in connection with it. The appellant and several witnesses offered by him were also permitted to testify. The commissioner made a report containing an extended analysis of the evidence and findings of fact, among which he found that there was "competent evidence of an offense having been committed over which the United States District Court for the Northern District of Ohio, Western Division, [had] jurisdiction, that the defendant, H. L. Steeves, [was] the defendant of that name mentioned in the indictment, and that there [was] probable cause of believing him guilty of the offense charged," and ordered him committed pending application for removal.

Thereafter an application for his removal and a petition for habeas corpus were presented to the District Judge. A hearing was had on these petitions at the same time. On the former an order was entered that Steeves be removed for trial, and on the latter that the writ be discharged and the appellant remanded to the custody of the marshal.

It is from the latter order that this appeal is taken. There are several errors assigned, but they amount to nothing more than that the court erred in holding that there was sufficient evidence to show probable cause that Steeves had committed an offense against the United States triable in the Northern district of Ohio.

This case differs little from that of Fitzgerald v. United States, 6 F.(2d) 156, decided by this court May 27, 1925, the difference being that in the Fitzgerald Case less evidence was introduced before the commissioner and the District Judge than in this one. There, the identity of Fitzgerald being admitted, the only evidence introduced was the indictment, and it was held that it adequately charged an offense committed within the jurisdiction of the court to which removal was sought, and was evidence on which a finding of probable cause might be based.

In this case counsel for appellant does not seek to reopen the question decided in the Fitzgerald Case, and contents himself with saying that the question of the "sufficiency of the indictment as evidence of probable cause became immaterial on the hearing in this case, since the government relied wholly on evidence outside the indictment to show probable cause," and, starting with this premise, proceeds to argue that the evidence outside the indictment was insufficient to prove probable cause.

[1] It is hardly necessary to characterize such a position. It is without merit. The government relied upon, and the commissioner and court below considered, all the evidence introduced before them, including the indictment; and the appellant in his brief admits that the indictment alone adequately states the commission of an offense warranting the finding of probable cause.

[2] In this situation we do not find it necessary to discuss the evidence in detail. The commissioner states that the conclusions deducible from the allegations of the indictment were corroborated in part, at least, by other testimony, and, after considering all the evidence introduced by the appellant as well as by the government, he found the existence of probable cause. It is not the province of this court to weigh the evidence; and, being satisfied that there was sufficient evidence to warrant the finding of probable cause, nothing remains for us to do but to affirm the decision of the District Court.

On the 3d of May, 1926, in United States ex rel. Hughes v. Gault, U. S. Marshal, 46 S. Ct. 459, 70 L. Ed. —— a removal case where the same indictment was involved, the Supreme Court upheld the indictment as adequately charging a crime under the Sherman Act and as sufficient evidence of probable cause. In that case the commissioner rejected evidence confirmatory of testimony given by the relator to the effect that he and his company were innocent. In discussing the duty and province of a committing magistrate the court there said:

"Obviously, in order to make it the duty

of the judge to issue the warrant, a mayor or a magistrate not a lawyer cannot be expected to do more than to decide in a summary way that the indictment is intended to charge an offense against the laws of the United States, that the person before him is the person charged, and that there is probable cause to believe him guilty, without the magistrate's being held to more than avoiding palpable injustice. He is not intended to hold a preliminary trial, and if probable cause is shown on the government side, he is not to set it aside because on the other evidence he believes the defendant innocent. The rule that would apply to a mayor applies to a commissioner of the United States."

And, after alluding to the fact of the exclusion of the evidence above mentioned, the court proceeds:

"On a summary proceeding like this, even if the exclusion was wrong, it would not be enough to invalidate the order of removal, as the commissioner indicated by his finding that he thought there were substantial grounds for the charge of guilt, and that it was not for him to decide whether they were met by the denials of the defendant, even if they seemed convincing."

And it was held that the exclusion of the evidence was not a denial of a right secured under the federal Constitution, implying that it was mere error not reviewable on habeas corpus. This decision seems conclusive as to any question presented in this case. See, also, Magnus v. Keville, 6 F.(2d) 157.

The decree of the District Court is affirmed.