**HUTESON v. ESOLA, Marshal.**

No. 6801.

Circuit Court of Appeals, Ninth Circuit.

June 2, 1932.

80

Arnold C. Lackenbach and Carlyle Miller, both of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and Sol. A. Abrams, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

To reverse the order discharging writ of habeas corpus and writ of certiorari in furtherance thereof, and holding petitioner for removal, the case is here on appeal.

The appellee relies upon the indictment and two witnesses to show probable cause. One witness stated he sold the land for the enterprise; that he saw petitioner about the place; and that at one time petitioner protested the refusal of the witness to sign a contract desired by a codefendant. He also related conversation about the business as it was carried on. The other witness was the bookkeeper, who testified that she was instructed to deposit one half of the money, when division was made, to the credit of the petitioner, and the other half went to the other two defendants. The petitioner was about the business almost daily for five or six weeks.

The plan and scheme is a mail fraud charge. The petitioner's evidence is to the effect that the codefendants were in his employ in Toronto, Canada, and he found their conduct, etc., satisfactory; that they concluded to go to the United States to find some suitable place to secure land and to sell it in lots and blocks for profit. He agreed to lend them $2,000. They visited several cities, and reported to him the selection of Indianapolis, Ind., but stated they needed $5,000. This he declined to advance, but on further correspondence he remitted $5,000. The land was sold by contract, forms of which are in the record, payments were for part cash, balance on time, with right of forfeiture on two months' default. The testimony shows that payments were made to petitioner by deposit in a local bank, and sending deposit slips to him at his home in Toronto. During the month of November, 1930, the full amount of $13,000 had been paid to the petitioner, more than twice as much as he advanced. The witness said, "On loans and bonus." The evidence of the defense is not persuasive.

A business that produced $26,000 in a few months, under the charge of the indictment, while of itself not proof of fraudulent conduct, is open to scrutiny. The indictment charges the scheme was devised September 27, 1930, and the evidence shows that $13,000, one-half of the income, was paid to petitioner in November, 1930. The indictment is prima facie evidence of probable cause. Price v. Henkel, 216 U. S. 488, 30 S. Ct. 257, 54 L. Ed. 581; Bonaventura v. United States (C. C. A.) 55 F.(2d) 833, and cases cited.

The disclosed circumstances themselves are against petitioner. Much that makes for active and collusive conduct are present: Former relationship as employer and employee; advance of $2,000, and the further advance, after exchange of letters as to the location, to the amount of $5,000; large profits within a few months; presence of petitioner at place of activity; interest manifested; receipt by him of $13,000, one-half of the profits of the adventure. The court may not weigh the evidence to determine fact. Wood v. Cooper (C. C. A.) 18 F.(2d) 535. And a disputed question of fact may not be decided by this court upon this issue. United States v. Hecht (C. C. A.) 11 F.(2d) 128; Steeves v. Rodman (C. C. A.) 12 F.(2d) 915. See, also, Beavers v. Haubert, 198 U. S. 77, 25 S. Ct. 573, 49 L. Ed. 950. And on contradictory evidence the finding of probable cause is conclusive on this court. Bryant v. United States, 167 U. S. 104, 17 S. Ct. 744, 42 L. Ed. 94; Horner v. United States, 143 U. S. 570, 12 S. Ct. 522, 36 L. Ed. 266; Parker v. United States (C. C. A.) 3 F.(2d) 903. The petitioner may be, and is presumed to be, innocent, but this court may not determine the fact. The evidence supports probable cause.

Affirmed.