### UNITED STATES v. REISLEY.
#### No. 8264h.

District Court, D. New Jersey.

April 13, 1940.

John J. Quinn, U. S. Atty., of Trenton, N. J., and Hubert J. Harrington, Asst. U. S. Atty., of Newark, N. J., for the Government.

Braelow & Tepper, of Newark, N. J., for defendant.

FORMAN, District Judge.

The following statute is involved herein: "Whoever * * * being the head of a department, or other officer or clerk in the employ of the United States, shall, directly or indirectly, receive, or agree to receive, any compensation whatever for any services rendered or to be rendered to any person either by himself or another, in relation to any proceeding, contract, claim, controversy, charge, accusation, arrest, or other matter or thing in which the United States is a party or directly or indirectly interested, before any department, court-martial, bureau, officer, or any civil, military, or naval commission whatever, shall be fined not more than $10,000 and imprisoned not more than two years; and shall moreover, thereafter be incapable of holding any office of honor, trust, or profit under the Government of the United States." 18 U.S.C.A. § 203.

434

Under this statute an indictment was found February 8, 1939. It is alleged that there was pending before the Veterans Administration of the United States a matter concerning the payment to Ferdinando Barile of a sum of money for disability benefits, and that while this matter was pending the defendant, Bayard I. Reisley, "was a clerk in the employ of the United States, to wit, contact representative in the Veterans Administration of the United States". It is charged that defendant "on or about the 15th day of February A. D. 1935" did "willfully, corruptly, unlawfully and feloniously * * * receive from the said Ferdinando Barile * * * the sum of one hundred dollars * * * as compensation for services rendered to the said Ferdinando Barile by the said Bayard Reisley before the said Veterans Administration, in relation to the aforesaid matter of awarding disability benefits to the said Ferdinando Barile".

Count two of the indictment charges that defendant in the same capacity "on or about the 15th day of February A. D. 1935" did "willfully, corruptly, unlawfully and feloniously * * * agree to receive from the said Ferdinando Barile the sum of three hundred dollars * * * as compensation for services rendered to the said Ferdinando Barile by the said Bayard I. Reisley before the said Veterans Administration, in relation to the aforesaid matter of awarding disability benefits to the said Ferdinando Barile".

The defendant has demurred to the indictment upon the following grounds:

1. The indictment is defective in that it does not show by direct averment that the defendant is a "clerk in the employ of the United States" as required by the statute.

2. The indictment improperly alleges that the offense was committed "on or about the 15th day of February A. D. 1935".

3. The indictment fails to allege that defendant received or agreed to receive compensation "directly" or "indirectly" as required by the statute.

4. The indictment is defective, because it contains a material erasure.

 Objection number one arises out of the designation of defendant as a "clerk in the employ of the United States, to wit, contact representative". Defendant cites cases to the effect that a clerk as contemplated by the indictment is a person em-

ployed in an office to keep records or accounts. It is argued that a contact representative has entirely different duties; namely, as counsel expressed it in the vernacular—one who "gets around" to see the veterans. Hence, defendant argues the two positions are repugnant. In the case of United States v. Booth, C.C., 148 F. 112, involving the same statute before us, the defendant was designated as a "receiver" for a land office of the United States. On demurrer it was held that such a person is an "officer" of the government, and, hence, falls within the purview of the statute. It is to be observed that in that case none of the magic words of the statute were used, i. e., "head of a department", "other officer or clerk in the employ of the United States". But it was held that a receiver is an officer of the government, and, accordingly, the demurrer was overruled. In the case at bar defendant is definitely named "clerk". The only question is whether the parenthetical designation as "contact representative" nullifies the primary appellation. Confined as we are within the four corners of the indictment on demurrer we cannot hold that a contact representative is not a clerk, or an officer. At most the term is vague, but since the defendant is actually named a clerk, we think the objection untenable. Of course, if it should appear during the trial that the defendant's duties are beyond the intendment of the statute, appropriate motions may at that time be made.

 The objection to the allegation that the crime was committed "on or about the 15th day of February A. D. 1935" is prompted by the fact that the indictment was found on February 8, 1938, only seven days before the three-year statute of limitations would have expired, and that the phrase "on or about" is elastic enough to include a date beyond the three-year period. Hence, it is said time is of the essence, and accordingly, the allegation is too vague.

The case of Thompson v. United States, 3 Cir., 283 F. 895, 897, discusses the term "on or about" as follows: "The averment that the crime was committed 'on or about the 11th day of March' did not limit the commission of the offense or offenses to that precise day. It might have been committed on that very day or at a time near that day. United States v. McKinley et al. (C.C.) 127 F. 168. 'The common understanding of the words "on or about,"

when used in connection with a definite point of time, is that they do not put the time at large, but indicate that it is stated with approximate accuracy.' 3 Words and Phrases Judicially Defined, Second Series, 727. Some of the cases hold that the words not only do not indicate a precise time, but the time is so indefinite and uncertain as to render the indictment bad. Morgan v. State, 51 Fla. 76, 40 So. 828, 7 Ann.Cas. 773; United States v. Winslow, Fed.Cas.No.16,742, but the weight of authority is that the allegation that a crime was committed 'on or about' a certain date is sufficient, though the precise time is not thereby stated, except in cases in which time is an ingredient of the offense. Such allegation is a formal and not a material matter within the meaning of section 1025 of the Revised Statutes (Comp.St. § 1691 [18 U.S.C.A. § 556]), which provides that no indictment shall be deemed insufficient by reason of any defect in matter of form only. United States v. McKinley (C.C.) 127 F. 168; Rinker v. United States [8 Cir.], 151 F. 755, 81 C.C.A. 379; United States v. Lair [8 Cir.], 195 F. 47, 52, 115 C.C.A. 49; United States v. Aviles (D.C.) 222 F. 474; Bryant v. United States [5 Cir.], 257 F. 378, 382, 168 C.C.A. 418. Good pleading, however, requires an allegation that the offense was committed on a particular day, but even when a particular day is alleged, it is not necessary to prove that the offense was committed on that day, unless a particular time was made material by the statute creating the offense. Ordinarily, proof of the commission of the crime any day before the finding of the indictment and within the statute of limitations will be sufficient. Ledbetter v. United States, 170 U.S. 606, 612, 18 S.Ct. 774, 42 L.Ed. 1162. A judgment may be sustained by proof of the commission of the crime or crimes before the indictment was found on dates other than those mentioned in the indictment. Price v. Henkel, 216 U.S. 488, 493, 30 S.Ct. 257, 54 L.Ed. 581. A fortiori when a precise date had not been named, proof of the commission of the crime on other days, than the one approximately mentioned is admissible."

It is seen that the allegation of time is only a formal matter. In this case it is not a necessary ingredient of the crime, and it does not become so because of the substantial exhaustion of the period contained in the statute of limitations. If defendant intends to plead the statute of limitations, he may do so. If he wants a particularization as to time, he may seek it. As a matter of law the allegation as to the date of the offense in the indictment is sufficient.

■ The third objection on demurrer is actuated by the following excerpt from the statute in question (18 U.S.C.A. § 203): "Whoever * * * shall, directly, or indirectly, receive, or agree to receive, any compensation whatever for any services rendered or to be rendered to any person * * * shall be fined * * *."

Count one of the indictment charges that the defendant, Bayard I. Reisley, did "receive from * * * Ferdinando Barile, * * * the sum of one hundred dollars * * * as compensation for services rendered to Ferdinando Barile."

Count two of the indictment charges that the defendant Bayard I. Reisley, did "agree to receive from * * * Ferdinando Barile the sum of three hundred dollars * * * as compensation for services rendered to * * * Ferdinando Barile".

The defendant argues that the indictment should charge that he received money directly or indirectly, and that he agreed to receive money directly or indirectly, failure of which constitutes a deprivation of his constitutional right to be informed with certainty the nature of the charges against him. The absence of this acuteness of language can cause no confusion or surprise on the trial of defendant, and it cannot prejudice him. The means defendant utilized in receiving or agreeing to receive compensation are unimportant. The important point is whether or not he received or agreed to receive compensation, and that point is charged in the indictment. Defendant is apprised of his complicity regardless of whether he acted vicariously or for himself. The objection is without merit.

■ The final objection concerns an alleged alteration in the indictment. The defendant states that the copy of indictment furnished him contained the allegation that he received certain money "as compensation for services of to the said Ferdinando Barile by the said Bayard I. Reisley". The original indictment in its present state contains the phrase "as compensation for services rendered to the said Ferdinando Barile by the said Bayard I. Reisley". Defendant suggests that the

word "of" as appears in his copy has been replaced by the word "rendered" in the original indictment, inasmuch as the copy was made from the original. It is argued that this is a material alteration which will vitiate the indictment. There actually appears to have been an erasure of the word "of" and a substitution of the word "rendered" in the original indictment. When this occurred we do not know. But even though this alteration was made subsequent to the filing of the indictment we think it is inconsequential as it was only intended to perfect a meaningless sentence. It is observed that count two of the indictment alleges that the defendant agreed "to receive from the said Ferdinando Barile * * * the sum of three hundred dollars * * * as compensation for services rendered to the said Ferdinando Barile". The original omission of the word "rendered" in count one is suggested by the allegations in count two, and the correction thereof presents no constitutional problems as suggested by the defendant.

The demurrer is overruled.