## UNITED STATES v. DE GREGORI et al.

### SAME v. MAURI et al.

### SAME v. BONATI et al.

District Court, S. D. New York.
May 12, 1941.

Mathias F. Correa, U. S. Atty., of New York City (David L. Marks, Asst. U. S. Atty., of New York City, of counsel), for plaintiff.

Edward D. Burke, of New York City (Homer L. Loomis, of New York City, of counsel), for defendants.

HULBERT, District Judge.

Forty-eight defendants are before this court upon writs of habeas corpus. They are the Captain and members of the crew of three vessels, all of Italian registry which, at all the times herein mentioned, were, and still are, berthed at the Port of Newark, New Jersey.

Three indictments were filed in the United States District Court of New Jersey charging the defendants therein named with sabotage. Endorsed on the cover of each indictment appears: "Title 18 U.S.C. Sec. 502."

The indictments, except as to names, dates and certain details, are substantially identical and allege that the named defendants, in one case on March 21, and in the others, on March 28, 1941: "did willfully, unlawfully and feloniously tamper with the motive power and instrumentalities of navigation of a certain vessel (named in the indictment) then and there within the jurisdiction of the United States and a vessel of foreign registry and registered under the

flag of the Kingdom of Italy, with intent to injure the said vessel, to wit, did willfully remove, displace, damage and destroy (describing particular parts of the motive power or instrumentalities of navigation) of the said vessel; contrary to the form of the statute in such case made and provided and against the peace and dignity of the United States."

The defendants were removed from said vessels to the United States Immigration Station on Ellis Island, in the New York Harbor, which is within the jurisdiction of this court. United States ex rel. Belardi v. Day, 3 Cir., 50 F.2d 816.

Upon complaints filed in this District, the defendants were given a hearing before U. S. Commissioner Cotter. Certified copies of the indictments were received in evidence, which fulfilled the constitutional requirement (Amendment V) and establishes probable cause (Amendment IV) and is itself authority to bring the accused to trial. Beavers v. Haubert, 198 U.S. 77, 90, 25 S.Ct. 573, 49 L.Ed. 950; Price v. Henkel, 216 U.S. 488, 491, 30 S.Ct. 257, 54 L.Ed. 581. But the indictment is not conclusive. The petitioners had the right to introduce evidence in opposition to the showing made against them. Title 18 U.S.C.A. § 591. It would have been error if the Commissioner had refused it. Tinsley v. Treat, 205 U.S. 20, 32, 27 S.Ct. 430, 51 L.Ed. 689. No proof, however, was offered and no request to do so was made by the petitioners who challenge the order entered upon two grounds: (1) That the indictments are duplicitous, and (2) insufficient in law.

It is the contention of the petitioners that the indictments allege sufficient facts in conjunction with the word "willful" to show injury to the vessel and thus establish a complaint under Section 193 of Title 50 U.S.C.A. whereas it was the plain purpose of the draftsman that the indictment should charge acts with an intent to injure or endanger the safety of the vessel under Section 502 of Title 18 in which the word "willful" does not appear and consequently the elements of two charges are set forth in one count and the defendants are required to elect whether to disregard the word "willful" or the words "with intent to injure" and hence each indictment is duplicitous.

Following the procedure approved in United States ex rel. Kassin v. Mulligan, 295 U.S. 396, 55 S.Ct. 781, 79 L.Ed. 1501 (in which case I was the District Judge), I have examined into the questions presented and have reached the conclusion that a reasonable doubt exists concerning the sufficiency of the indictments, and since Section 591 of Title 18 U.S.C.A. is to be "construed quite favorably to the government's applications" (Kassin case, supra, 295 U.S. page 401, 55 S.Ct. page 783, 79 L.Ed. 1501), their disposition is more properly for the Judge of the Court in which the indictments were found, and the removal should be granted.

It seems proper to observe that in removal proceedings the case of an indicted person is to be distinguished from that of one accused only by complaint filed with the Commissioner.

In Greene v. Henkel, 183 U.S. 249, 262, 22 S.Ct. 218, 46 L.Ed. 177, it was held that identity being shown or admitted (as here) the indictment without more, prima facie, requires the order of removal. See Benson v. Henkel, 198 U.S. 1, 10-12, 25 S. Ct. 569, 49 L.Ed. 919; Hyde v. Shine, 199 U.S. 62, 84, 25 S.Ct. 760, 50 L.Ed. 90, and Haas v. Henkel, 216 U.S. 462, 481, 30 S.Ct. 249, 54 L.Ed. 569, 17 Ann.Cas. 1112.

In the last-mentioned case the sufficiency of the indictments was attacked, and the court said, page 481 of 216 U.S., page 254 of 30 S.Ct., 54 L.Ed. 569, 17 Ann.Cas. 1112: "It is enough to hold, as we do, that the indictments sufficiently charge an offense committed within the District of Columbia to require that the appellant shall be removed to that district for trial."

In that case the Court seems to have been impelled to express itself upon the indictments challenged because similar indictments had been found in this district upon which defendants preferred to go to trial.

The court also said: "We have not dealt with certain minor objections which go to the form of the indictments rather than to the substance. These are matters to be determined in the court where they were found, and are not proper for consideration upon habeas corpus proceeding."

Mr. Justice Brewer, in a concurring opinion went further and said, pages 482, 483 of 216 U.S., page 255 of 30 S.Ct., 54 L.Ed. 569, 17 Ann.Cas. 1112: "my concurrence must not be taken as holding that the indictments will stand the final test of validity or sufficiency. Assuming that there is a doubt in respect to these matters, as I think there is, and as seems to be suggested by the opinion in No. 367, I am of the opinion

that such doubt should be settled by direct action in the court in which the indictments were returned, and not in removal proceedings."

Writs dismissed.

Submit orders.

NOTE:

By Section 463 of Title 28 U.S.C.A., there is "no right of appeal from such order in any habeas corpus proceeding to test the validity of a warrant of removal issued pursuant to the provisions of section 591 of Title 18 or the detention pending removal proceedings."